GORDON, APPELLEE, *v.* GORDON, APPELLANT.

[Cite as Gordon v. Gordon (1973), 33 Ohio App. 2d 257.]

(No. 6-72-9—Decided March 14, 1973.)

*Messrs. Mahon, Tudor, Vandyne & Evans* and *Mr. William L. Evans,* of counsel, for appellant.
*Mr. Burke E. Smith,* for appellee.

GUERNSEY, P. J. On September 16, 1967, a decree of divorce was granted Joy Lee Gordon on her petition and she was given custody of Lori Ann Gordon, then 4 years of age, and Jeffrey Lynn Gordon, then 11 years of age, the minor children of herself and defendant, David W. Gordon. On August 2, 1972, Joy Lee Gordon died unexpectedly and on August 10, 1972, her sister, Wanda Moore, filed a motion in the divorce case seeking an order granting her custody and control of these minor children and a temporary order granting her temporary custody and control pending a hearing on her motion. The latter motion was immediately granted. On August 11, 1972, David W. Gordon, filed his motion seeking an order changing the permanent care and custody of the minor children "to himself as the sole surviving natural parent."

258

Following hearing of Wanda Moore's motion for custody the Common Pleas Court of Hardin County found "that said motion is well taken and sustained" and ordered "that the temporary custody of the minor children be awarded hereto to Wanda Moore and said case will be reviewed on June 15, 1973, after the school term is over and that the defendant, David W. Gordon is granted visitation rights with the children * * * [specifying them], all until further order of the court." This is the order from which the appellant, David W. Gordon, has taken his appeal, no disposition having been made of his motion for permanent custody and Wanda Moore's motion for permanent custody having neither been granted nor denied.

Determination of child custody, whether in conjunction with a divorce decree or in the exercise of the continuing jurisdiction of the divorce court, is a special proceeding. An order in such special proceeding of prolonged nature as here made, even though labeled an order of temporary custody, affects a substantial right and is appealable.

Appellant assigns as error (1) the trial court's order that Wanda Moore should be awarded *temporary* custody following a hearing on the merits for *permanent* custody, and (2) the trial court's order that Wanda Moore should be granted temporary custody rather than the sole surviving parent.

As these assignments of error tend to complement each other we will consider them together.

At common law when the right of custody between a parent and a third party was in dispute it was almost uniformly recognized that a parent's right to custody of a minor child was paramount to all other persons, subject to being relinquished by contract, forfeited by abandonment, or lost by being in a condition of total inability to afford the minor child necessary care and support. *Clark* v. *Bayer*, 32 Ohio St. 299.

In 1909 the General Assembly modified by statute this common-law right by prescribing the rights of third parties when both parents are living. That statute has evolved into a part of R. C. 3109.04 now providing that "if the

court finds, with respect to any child under eighteen years of age, *that neither parent is a suitable person* to have custody it may commit the child to a relative of the child or certify a copy of its findings, * * * to the juvenile court for further proceedings * * * ." (Emphasis added.) See also Civil Rule 75(P).

However, no statutory provision existed as to the custody of minor children where the parent having custody dies until the enactment, effective January 1, 1946, of that portion of R. C. 3109.06, which now reads:

"In any case where a Court of Common Pleas * * * has made an award of custody or an order for support, or both, of minor children, the jurisdiction of such court shall not abate upon the death of the person awarded such custody but shall continue for all purposes during the minority of such children, and the court, upon its own motion or the motion of either parent or of any interested person acting in behalf of the children, may proceed to make further disposition of the case *in the best interests of the children,* * * * ." (Emphasis added.)

This statute is not in conflict with, has not been superseded by any of the Civil Rules, and is still in force.

It is obvious that the General Assembly would not have prescribed that custody disposition should be made in the best interests of the children if it intended to follow the common-law rule, *i. e.,* that custody should normally go to the surviving parent. It is equally apparent that if the custody award is to be made in the best interests of the children no specific determination need first be made as to the suitability of the surviving parent to have custody. It is within legislative contemplation that as between a surviving parent who is a suitable person to have custody and an aunt who is also a suitable person to have custody the court may award custody to the aunt if it determines that that would be in the *best* interests of the children.

Similar application of this statute was made by the Sixth District Court of Appeals in the case of *Baker* v. *Baker,* 85 Ohio App. 470. Although the Supreme Court of Ohio concluded in *Grandon* v. *Grandon,* 164 Ohio St. 234, that a divorce court could not change custody of a child

from its mother to its grandmother where there has been no abandonment and where such court does not "find that the mother is not 'a suitable person to have custody' of such child," and similarly concluded in *Baxter* v. *Baxter,* 27 Ohio St. 2d 168, that the Common Pleas Court has no authority to award custody of a minor child to its grandmother unless it has found that "neither parent is a suitable person to have custody," in the former of these cases it does not appear that the father was deceased, in the latter case it appears that both the father and mother were living, and in neither case were the quoted provisions of R. C. 3109.06 alluded to or applied. We are likewise familiar with the holding of the Franklin County Court of Appeals in *In re Duffy,* 78 Ohio App. 16, decided January 22, 1946, holding a suitable father's right to custody paramount to the rights of a maternal aunt. This case undoubtedly originated in the Common Pleas Court before the effective date of the provision of R. C. 3109.06, herein referred to, and, in any event, consideration was not given to the application of that statute.

The evidence here as to whether the custody of the father or the custody of the maternal aunt would be in the best interests of the children being in conflict so that reasonable minds might differ as to the conclusions to be drawn therefrom we are not permitted to find, as a matter of law, contrary to the Common Pleas Court's conclusion that the best interests of the children would be served by placing them in the temporary custody of their maternal aunt.

With the observation that the motions for permanent custody are still pending we find no prejudicial error as assigned and affirm the judgment of the Common Pleas Court granting temporary custody to the maternal aunt subject to its review on June 15, 1973.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.