Nicholas Lanier CARPENTER, Appellant,

v.

Linda Nell (Carpenter) ROSS, Appellee.

No. 7780.

Court of Civil Appeals of Texas, Beaumont.

March 11, 1976.

Frank A. Hale and Ed Wheeler, Pasadena, for appellant.

David C. Gunn, Baytown, for appellee.

DIES, Chief Justice.

In May 1974 appellant Nicholas L. Carpenter and appellee Linda Nell Carpenter

were granted a divorce. Appellant (ex-husband) was named managing conservator of their two children, and appellee (ex-wife) was given visitation rights. On or about April 18, 1975, appellee took physical possession of the children as provided by the decree and refused to return them to appellant. Appellant then filed for writ of habeas corpus seeking their return. At the hearing, over objection, the court heard evidence on the serious immediate question concerning the welfare of the children, then denied the writ and entered a decree making appellee (ex-wife) the temporary managing conservator and appellant (ex-husband) temporary possessory conservator with visitation rights on the first and third week-end of each month.

At the time of the entry of this decree, appellee (ex-wife) had a motion pending for permanent modification of the custodial rights granted in the divorce decree. It had not been heard, but it is clear from the statement of facts that the trial court intended to hear it promptly.

It is from this temporary order the ex-husband brings this appeal. He has several points, but in view of our decision herein it is unnecessary to discuss them.

The trial court had authority under § 14.-10 * of the Tex.Family Code Ann. (1975) to issue the temporary order.

Before the enactment of the Family Code, temporary orders for custody of children pending suit for divorce were not appealable. *Goodman v. Goodman,* 224 S.W. 207 (Tex.Civ.App.—Texarkana 1920, no writ); *Lawler v. Wray,* 8 S.W.2d 524 (Tex. Civ.App.—Waco 1928, orig. proceedings); *Wardlaw v. Wardlaw,* 267 S.W.2d 250 (Tex. Civ.App.—Waco 1954, no writ); *Morrow v. Gallant,* 312 S.W.2d 526 (Tex.Civ.App.— Austin 1958, no writ); *Mendoza v. Baker,* 319 S.W.2d 147 (Tex.Civ.App.—Houston 1958, no writ); *Affolter v. Affolter,* 389 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1965, no writ).

The order before us is a temporary order made under the authority of Tex.Family Code Ann. § 14.10(c) (1975) and is not an appealable order under Tex.Family Code Ann. § 11.19(b)(2) (1975). As such, it is purely interlocutory and is not appealable. When a decision has been reached in the modification proceedings under Tex.Family Code Ann. § 14.08 (Supp.1975–1976), then and only then will an appeal lie.

The appeal is DISMISSED.

---

* "HABEAS CORPUS

"(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

"(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that the previous order was granted by a court of another state or nation and that:

"(1) the court did not have jurisdiction of the parties; or

"(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ.

"(c) *The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.*" (Emphasis supplied.)