In the Interest of Brenda Jo STUART,
a minor.

No. 990.

Court of Civil Appeals of Texas,
Tyler.

Dec. 9, 1976.

Rehearing Denied Dec. 30, 1976.

Donald L. Kraemer, Huntsville, Eugene M. McElyea, Crockett, for appellant.

H. L. Morgan, Crockett, for appellee.

DUNAGAN, Chief Justice.

This matter originated in the 3rd Judicial District Court of Houston County, Texas by Marvin Q. Stuart, appellant herein, by the filing of an application for writ of habeas corpus seeking to regain possession of Brenda Jo Stuart, a 14 year old female child of whom he is the sole surviving parent. Respondent in such action is Benford D. Stuart, brother of petitioner and uncle of the child, who has had physical possession and custody of the child since 1971. Prior to this action there have never been any court orders of any kind in any court regarding the child.

Appellee Benford D. Stuart joined issue in the habeas corpus matter by filing his answer in opposition thereto. He alleged therein that Marvin Q. Stuart was not a proper, fit and suitable person to have the physical custody and possession of the child and set out his reasons therefor. He prayed that the petition for writ of habeas corpus be denied as not in the child's best interest, for such other orders as to the court may seem just and proper; that he have judgment in accordance with his affirmative pleading for termination of parental rights, for adoption of the child, and for general relief.

Simultaneously with the filing of his answer appellee and his wife filed a petition to terminate appellant's parental rights to the child and for adoption. In connection with this petition the appellee prayed for the appointment of a managing conservator for the child, for further orders of the court in the best interest of the child, and for general relief. Appellant filed a general denial to this petition.

After a hearing the court entered an order denying appellant's petition for writ of habeas corpus and appointed Benford D. Stuart temporary managing conservator of the person of said Brenda Jo Stuart, a minor; and ordered that appellant have the right of visitation with said minor at reasonable times and places, as temporary possessory conservator, pending further orders of the court. The order did not dispose of the petition for termination of parental rights and custody.

■ At the outset we are met with appellee's contention that this court is without jurisdiction because the order is not an appealable one as it is a temporary order, that it is not a final judgment and does not dispose of all the matters in controversy between the parties.

■ Tex. Family Code Ann. sec. 11.11(b) provides that "Temporary orders under this section are governed by the rules governing temporary restraining orders and temporary injunctions in civil cases generally." An appeal from an order granting a temporary injunction is appealable. Article 4662, Tex.Rev.Civ.Stat.Ann.; Rule 385(d), Texas Rules of Civil Procedure; *City of Farmers Branch v. Hawnco, Inc.,* 435 S.W.2d 288, 292 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); *Wheelis v. Wheelis,* 226 S.W.2d 224, 226 (Tex.Civ.App.—Fort Worth 1950, n. w. h.); *Janelli v. Bond,* 148 Tex. 416, 225 S.W.2d 824, 826 (1950). "An appellate court has jurisdiction of an appeal only from an interlocutory order authorized to be appealed . . .." *Laurie v. Stabel,* 482 S.W.2d 652, 654 (Tex.Civ.App.—Amarillo 1972, n. w. h.). The effect of Art. 11.11(b) of the Tex. Family Code Ann. is to authorize an appeal from a temporary order such as the order before us. Therefore, this court does have jurisdiction of the appeal. Appellee's contention is overruled.

■ Appellant in his two points of error argues that because his application for a writ of habeas corpus is governed exclusive-

ly by sec. 14.10(e)[1] of the Tex. Family Code Ann., the temporary orders ancillary thereto are mandatorily governed by sec. 14.10(f)[2] of the Tex. Family Code Ann.

At the time of the hearing on the application for a writ of habeas corpus appellee and wife's petition for termination of the parental rights of appellant, Marvin Q. Stuart, to Brenda Jo Stuart, a minor, and for adoption of said minor child was pending. This petition, however, came within applicable provisions of Chapter 15 of the Tex. Family Code Ann.

Therefore, appellant argues "that there is no pleading in this cause filed and no action pending pursuant to this chapter (Chapter 14) of the Family Code, which would authorize the court to enter a temporary order," that appellee and wife's petition involves termination of parental rights and adoption and was "not proper to be considered for any purpose."

There have as yet been no reported cases construing Section 14.10(e) or (f) of the Tex. Family Code Ann. These subsections relate to habeas corpus proceedings in such cases, as the one at bar, where there has been no judicial determination of custody on the merits.

Section 14.10(e) deals solely with proceedings where the right to custody has never been decided by a court such as the case before us. This section says that under such circumstances a parent has a prima facie right to possession of a child which is in the physical custody of a third party who is not a parent.

We do not believe that the rightness or wrongness of the trial court's ruling on the habeas corpus petition is determinative of the case in its present posture. At the time of the hearing on the petition for a writ of habeas corpus there was pending a suit which would affect the parent-child relationship brought under sec. 11.01, et seq., of the Family Code. The custody of the child is presently under an order for temporary managing conservatorship issued out of *that* proceeding, as specifically authorized by sec. 11.11 of the Code.

We believe such a proceeding is the type contemplated by sec. 14.10(f) of the Family Code.[3] In regard to the validity of the temporary order, appellant does not contend that the trial court was without authority to enter it or that it is unsupported by evidence so as to be an abuse of discretion. To the contrary, there is ample evidence as follows to support the conclusion that it is in the best interest of the child[4] that she not be in the custody of her natural father.

On cross examination of appellant he admitted that in 1968 he was indicted and convicted in Harris County, Texas, for

1. "If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

2. "The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this section unless at the time of the hearing an action is pending under this chapter, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this code."

3. Specifically, we reject the argument that the phrase ". . . this chapter . . ." as used in sec. 14.10(f), limits the provisions of

that subsection to actions brought under Chapter 14 of the Family Code. Because of the subsection's reference back to Sec. 11.11, we believe that the legislature intended to include in the phrase ". . . an action is pending under this chapter . . ." any suit affecting *the parent-child relationship* brought pursuant to Title 2 of the Family Code. See Jones "Child Custody Modifications and The Family Code," 27 Baylor Law Review 725, 735–737 (1975); Smith, Commentary on Title 2, Tex. Family Code Symposium Supplement, 8 Texas Tech Law Review 8.91.

4. Sec. 14.07(a), Tex. Family Code, which is a part of Chapter 14 of said code, reads in part: "The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child. . . ."

the possession of hashish and was sentenced to serve a term of 30 years of confinement in the Texas Department of Corrections. He was paroled in 1975. At the time of this hearing he was still on parole. He also testified that while in the penitentiary, as a result of the issuance of bench warrants he appeared in court and pleaded guilty to indictments in 10 other cases and received a sentence of 5 years in each case to run concurrently. Eleven other cases were dismissed.

In 1968, about 12 days before appellant was sentenced, his wife (natural mother of Brenda Jo) died. At the time of her death Brenda Jo was 6½ years old. After the death of the child's mother, appellant's mother (paternal grandmother of the child) took custody of Brenda Jo and kept her a month or less, at which time appellant and his mother made arrangements with the sister of appellant and appellee to care for her. Appellee assumed physical custody of Brenda Jo from his sister in August 1971 where she has since continuously lived. Brenda Jo has regularly attended public school at Grapeland, Texas, and at the time of the trial of this matter in April 1976 she was in the 8th grade.

Brenda Jo testified that she did not want to live with appellant; that she had remembered her life with him before he went to the penitentiary; that she could remember when he would leave her with a babysitter for three months at a time; and that he beat her mother up one time, and that she has no feeling for him. Clearly, under this record, the trial court was justified in its implied finding that the best interest of the child would be served by leaving the custody of the child with appellee until a hearing and determination of the petition for the termination of appellant's parental rights to the child and its adoption.

Moreover, we do not believe that subsection (f) of section 14.10 of the Family Code should be interpreted to prohibit a court from issuing ex parte temporary orders under the authority given all District Courts to make orders to protect children under their grant of original jurisdiction and general control over minors. Art. 5, sec. 8, The Constitution of the State of Texas, Vernon's Ann.Statutes; *Gray v. State,* 508 S.W.2d 454, 457 (Tex.Civ.App.—Texarkana 1974, writ. ref'd n. r. e.); *Page v. Sherrill,* 415 S.W.2d 642 (Tex.1967); and Smith, Commentary on Title 2, Tex. Family Code Symposium Supplement, 8 Tex.Tech L.Rev. 90 (1976).

No findings of fact or conclusions of law were filed. The law is, under such condition of the record, that the appellate court must affirm the judgment of the trial court if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman,* 425 S.W. 2d 339 (Tex.1968); *Crawford v. Boyd,* 453 S.W.2d 232 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.). In such a case the trial court's judgment implies that all necessary fact findings were made by the trial court in support of the judgment and in determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto, the appellate court can consider only that evidence that is most favorable to the issue and must disregard entirely that which is opposed to it. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Crawford v. Boyd,* supra. With the above rules in mind, the temporary order being both valid and supported by evidence, whether the trial court rightfully or wrongfully decided on the habeas corpus issue is academic since the child's present status as to custody rests in the valid temporary order issued out of the pending termination suit. Appellant's points 1 and 2 are, therefore, overruled. See *Interest of Barrera,* 531 S.W.2d 908 (Tex.Civ.App.—Amarillo 1975, n. w. h.).

Judgment affirmed.