Charles Glenn **JOHNSON**, Appellant,

v.

Carol Lynn Johnson **PARISH**, Appellee.

No. 16823.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 13, 1977.

Urban, Coolidge, Pennington & Scott, Michael D. Stewart, Houston, for appellant.

Mrs. Joe Kegans, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a temporary custody order entered in a proceeding to modify a previous permanent custody order. The trial court issued an order removing Charles Johnson as managing conservator and naming Carol Johnson Parish temporary managing conservator of the three minor children born of the marriage of those parties.

■ Carol Parish, the appellee, contends that this court lacks jurisdiction of this cause because it is a non-appealable temporary order. We agree.

Section 14.08 of the Family Code provides that the portion of a decree that provides for the appointment of a conservator may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship. It provides in paragraph (b) that each party whose rights may be affected by the motion is entitled to at least thirty days' notice of the hearing on the motion to modify. In paragraph (c) the court is authorized, after a hearing, to modify an order or portion of a decree that designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of a new managing conservator would be a positive improvement for the child.

Section 14, supra, does not specifically authorize the trial court to enter a temporary order changing the managing conservator of a child. The provision for thirty days' notice of the hearing was not complied with. Carol Parish was appointed temporary managing conservator only. This indicates that the trial court anticipated a further hearing before the question of the permanent removal of Charles Johnson as managing conservator, and the appointment of a managing conservator in his stead, would be finally determined. The order is interlocutory.

Section 11.19, Tex. Family Code Ann., provides for appeals from judgments entered in suits affecting the parent-child relationship as in civil cases generally where allowed under Section 11.19 or other provisions of law. There is nothing in the subsequent provisions of said section which requires a holding that appeals from interlocutory orders are contemplated.

The temporary order entered by the trial court in this case must be sustained by the provisions of Section 11.11, Tex. Family Code Ann., if at all. This section authorizes the court in a suit affecting the parent-child relationship to make "any temporary order for the safety and welfare of the child, including but not limited to an order for the temporary conservatorship of the child." We conclude that the temporary order entered in this case is authorized by that language of the Family Code, which appears in the section entitled "General Provisions." Paragraph (b) of this section provides that temporary orders are to be governed by the rules governing temporary

restraining orders and temporary injunctions in civil cases generally.

Appellant contends that, since temporary injunctions may be appealed, paragraph (b) of Section 11.11, supra, authorizes an appeal of this order. The word "rules" found in paragraph (b) of said section refers to the official Rules of Civil Procedure promulgated by the Supreme Court of Texas.

Rule 385, Vernon's Texas Rules Annotated, provides:

"Appeals from interlocutory orders (when allowed by law) may be taken by . ."

Appeals from temporary injunctions granted by a trial court are allowed by law. Article 2251, Vernon's Texas Annotated Statutes; Article 4662, supra. Since there is no statute specifically authorizing an appeal from a temporary order entered as authorized by Section 11.11, Texas Family Code Ann., the rule governing appeals from temporary injunctions is not applicable.

In the absence of a statute authorizing an appeal from an interlocutory order, there is no right of appeal. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994 (1944). Prior to the enactment of the Family Code an order temporarily changing child custody was not appealable since it was neither a final judgment nor injunctive in character. *Franklin v. Wolfe*, 483 S.W.2d 17 (Tex.Civ.App.—Houston [14th] 1972, no writ); *Archer v. Archer*, 407 S.W.2d 529 (Tex.Civ.App.—San Antonio 1966, no writ).

It is our opinion that the order from which this appeal is attempted is an interlocutory order from which an appeal has not been specifically authorized by statute. This court lacks jurisdiction to entertain this appeal, and the appeal is ordered dismissed.