**Frances L. Walley KNIPE, Appellant,**

v.

**Kenneth COLPITTS, Appellee.**

**No. 1596.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 4, 1977.

 

Marie H. Martin, Charles E. Martin, Martin & Martin, Houston, for appellant.

Thomas Clarke, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an order of the trial court establishing temporary child visitation rights. Frances L. Walley Knipe (formerly Frances Colpitts), appellant, and Kenneth Colpitts, appellee, were divorced in November, 1971. Custody of their two minor children was awarded to appellant. On March 25, 1976, the Court of Domestic Relations No. 2, Harris County, entered an order in accordance with the divorce decree establishing visitation rights for appellee with his children at certain intervals in March and April of that year. In July 1976, appellee filed a motion for contempt alleging that appellant had refused to comply with the order of March 25. On December 21, 1976, a hearing was held on this motion during which the trial court concluded that appellant, under the influence of her present husband, Dee Knipe, had failed to comply with appellee's visitation privileges. He recommended that a social study be made of the children's situation, that a guardian ad litem be appointed, and, thereafter, a hearing be held on January 24, 1977. He also entered a temporary order to allow appellee visitation rights in the interim over the Christmas and New Year's holidays, and enjoined Dee Knipe from interfering with appellee's exercising the visitation privileges. It is from this order that appellant has brought her appeal.

Appellant urges that the court erred in modifying the prior existing order of March 25, because there was no motion, petition or pleading requesting the modification. She also argues that Dee Knipe could not be properly enjoined since he was not served with process and that there was no pleading asking that he be so enjoined.

We need not pass upon appellant's points since the order she complains of is not appealable. It is clear from the statement of facts and the order itself that the purpose of the December 21 order was to allow appellee visitation privileges over the Christmas and New Year's holidays, unrestrained by appellant's husband, prior to a hearing on January 24, 1977, at which time a final order would be rendered. At the hearing the trial judge expressly declined to issue a final order without first having a social study prepared and a guardian ad litem appointed.

Orders of this nature affecting visitation and conservatorship are interlocutory only and not appealable. *See Johnson v. Parish*, 547 S.W.2d 311 (Tex.Civ.App.-Houston [1st Dist.] 1977, no writ); *Carpenter v. Ross*, 534 S.W.2d 447 (Tex.Civ.App.-Beaumont 1976, no writ). Therefore, the appeal is dismissed.

Appeal dismissed.