**Mary Sue CRAFT, Appellant,**

v.

**Jerry David CRAFT, Appellee.**

**No. 19769.**

Court of Civil Appeals of Texas, Dallas.

Jan. 19, 1979.

Rehearing Denied Feb. 21, 1979.

Jay S. Fichtner, Berman, Fichtner & Mitchell, Dallas, for appellant.

Charles O. Shields, Ray, Anderson, Shields, Trotti & Hemphill, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

Appellee has moved to dismiss this appeal for lack of jurisdiction. The question is whether a temporary order issued under section 11.11 of the Texas Family Code (Vernon 1975), is appealable. We hold that it is not appealable, and, accordingly, we grant the motion to dismiss.

The record before us tells a sad story of divorced parents in continuous litigation over custody of three children. The divorce decree of July 21, 1975, appointed the mother managing conservator. The father subsequently moved to modify the decree. On August 8, 1977, the court appointed the father managing conservator of the eldest child, reciting that he had been residing with the father and that the mother had agreed to the change, but the court denied the motion with respect to the two younger children on the ground that their circumstances had not materially changed since the divorce decree. Less than a year later, the father filed an "emergency motion" to modify the decree with respect to the younger children, alleging that the mother was mentally ill, had made threats to kill the father in the presence of the children, and should not be allowed possession of the children outside the presence of a responsible adult. Accordingly, he prayed for an *ex parte* order modifying the previous decree and appointing him temporary managing conservator. The court issued such an ex parte order on June 2, 1978, and set a hearing for July 17. After notice to the mother, a hearing was held on July 21, with both parties and their counsel present. On August 7 the court signed an order removing the mother as managing conservator and appointing the father temporary managing conservator "pending trial of this cause." The order further provides that the mother "shall not visit with" the children pending trial.

The mother has complied with the provisions of Rule 385, Texas Rules of Civil Procedure, for perfection of an appeal from an interlocutory order. On her motion we have granted two extensions of time for filing the statement of facts. She has also filed with us an application to suspend the trial court's order pending this appeal. The father opposed the extensions and moved to dismiss the appeal on the ground that this court has no jurisdiction. We previously granted the extensions and overruled the application to suspend and the motion to dismiss. On consideration of appellant's motion for rehearing, we now conclude that the motion to dismiss should be granted.

Appellant contends that the order in question is appealable under section 11.19 of the Family Code, which provides for appeals in suits involving the parent-child relationship. She also relies on section 11.11 of the Code, which provides for temporary orders in such cases; and on article 4662 of the Texas Revised Civil Statutes (Vernon 1952), which provides for appeals from orders granting or refusing temporary injunctions.

On this question, decisions of the courts of civil appeals are in conflict. The Tyler court has held such orders to be appealable. *In re Stuart,* 544 S.W.2d 821, 822 (Tex.Civ. App.—Tyler 1976, writ ref'd n. r. e.). The Beaumont court and both Houston courts have held to the contrary. *Knipe v. Colpitts,* 551 S.W.2d 150, 151 (Tex.Civ.App.— Houston [14th Dist.] 1977, no writ); *Johnson v. Parish,* 547 S.W.2d 311, 312 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ); *Carpenter v. Ross,* 534 S.W.2d 447, 448 (Tex. Civ.App.—Beaumont 1976, no writ).[1]

We conclude that the Beaumont and Houston courts are correct in their view that the Code has not made such temporary orders appealable. It seems to us that if the legislature had intended such a drastic change from the pre-existing law, it would have used express language so providing, but we find no such language in the Code or elsewhere.

1. We do not regard *Martin v. Martin,* 519 S.W.2d 900, 523 S.W.2d 252 (Tex.Civ.App.— Houston [1st Dist.] 1975, no writ) as bearing on this question, since that order, which involved a temporary suspension of visitation privileges for a specified period, was not interlocutory in the sense of continuing only until another hearing.

Of course, even "final" custody and support orders are temporary in the sense that they are subject to modification on showing a change in circumstances under section 14.08 of the Code. Before enactment of the Code, however, it was settled that an order was not appealable if it was interlocutory in the sense that it was effective only until a proper hearing could be held to determine custody or support. This rule was well established by such cases as *Frost v. Frost,* 467 S.W.2d 683 (Tex.Civ. App.—Texarkana 1971, no writ); *Archer v. Archer,* 407 S.W.2d 529 (Tex.Civ.App.—San Antonio 1966, no writ); *Affolter v. Affolter,* 389 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Mendoza v. Baker,* 319 S.W.2d 147 (Tex.Civ.App.—Houston 1958, no writ); *Morrow v. Gallant,* 312 S.W.2d 526 (Tex.Civ.App.—Austin 1958, no writ); *Wardlaw v. Wardlaw,* 267 S.W.2d 250 (Tex.Civ.App.—Waco 1954, no writ); and *Goodman v. Goodman,* 224 S.W. 207 (Tex.Civ.App.—Texarkana 1920, no writ). Those decisions are in accord with article 2249, Texas Revised Civil Statutes (Vernon 1971), providing that appeals may be taken from "every final judgment," and they follow the general rule that no appeal can be taken from an interlocutory order unless such an appeal is expressly provided by statute. *Henderson v. Shell Oil Co.,* 143 Tex. 142, 182 S.W.2d 994 (1944).

This background must be considered in construing the Texas Family Code, since, as appellant recognizes, it must be presumed that the legislature acted with full knowledge of all legal decisions on the subject matter of the legislation rendered before its enactment. *Garner v. Lumberton Ind. Sch. Dist.,* 430 S.W.2d 418, 423 (Tex. Civ.App.—Austin 1968, no writ). The only provision of the Code dealing expressly with appeals is section 11.19. The pertinent provisions of this section are the following:

(a) Appeals from orders, decrees, or judgments entered in suits affecting the parent-child relationship, when allowed under this section or under other provisions of law, shall be as in civil cases generally.

(b) An appeal may be taken by any party to a suit affecting the parent-child relationship from an order, decree, or judgment:

(1) entered under Chapter 13 of this code;

(2) entered under Chapter 14 of this code appointing or refusing to appoint a managing conservator; appointing or refusing to appoint a possessory conservator; ordering or refusing to order payments for support of a child; or modifying any such order previously entered;

(3) entered under Chapter 15 of this code terminating or refusing to terminate the parent-child relationship or appointing a managing conservator;

(4) entered under Chapter 16 of this code granting or refusing an adoption.

In our view, these provisions, like many other provisions of the Code, declare the law as it previously existed. McKnight, *Commentary to the Texas Family Code,* Title 2, 5 Tex.Tech.L.Rev. 281, 407 (1974). Nothing is said about temporary orders, and no reference is made to section 11.11, which provides for temporary orders. By contrast, specific references are made to Chapter 13, concerning legitimation; to Chapter 14, concerning conservatorship, possession, and support; to Chapter 15, concerning termination of parental rights; and to Chapter 16, concerning adoptions. Although final orders under those chapters would be appealable anyway under article 2249, the drafters of the Code apparently intended Section 11.19 to be a comprehensive provision for appeals independent of general statutes defining appellate jurisdiction. Yet section 11.19 makes no reference to section 11.11, and neither does it include any other language suggesting an intent to change the law so as to provide for appeals from temporary orders. It is a well-accepted principle of statutory construction that the express mention of one thing, consequence, or class, is equivalent to an express exclusion of all others. *State v. Mauritz-*

*Wells Co.,* 141 Tex. 634, 175 S.W.2d 238, 241 (1943); *Carp v. Texas State Board of Examiners in Optometry,* 401 S.W.2d 639, 642 (Tex.Civ.App.—Dallas 1966, no writ). Therefore, we construe the words, "an order . . . appointing or refusing to appoint a managing conservator" as an order that is "final" in the sense that it is subject to modification only on showing a change of circumstances under the provisions of section 14.08.

 Appellant relies also on article 11.11 of the Code, which authorizes the trial court to make temporary orders in suits affecting the parent-child relationship. Subdivision (b) of this section provides:

> Temporary orders under this section are governed by the rules governing temporary restraining orders and temporary injunctions in civil cases generally.

Appellant argues that "the rules governing temporary restraining orders and temporary injunctions in civil cases generally" include the provision for appeals of orders granting or refusing temporary injunctions in article 4662 of the Texas Revised Civil Statutes (Vernon 1952).

We do not construe this language as making all temporary orders in such suits appealable. If the drafters of the Code had intended to make such a far-reaching change in appellate jurisdiction, it is reasonable to suppose that they would have done so explicitly in section 11.19, which expressly provides for appeals, and would not have left the matter for implication from the provisions of section 11.11(b). Since section 11.19 is obviously intended to be a comprehensive provision for appeals in cases arising under the Code, without dependence on general statutes defining appellate jurisdiction, it is unlikely that this reference in section 11.11 to rules governing temporary injunctions was intended to bring temporary custody and support orders within article 4662. The reference to "rules governing temporary restraining orders and temporary injunctions" may be interpreted as meaning the provisions of the Texas Rules of Civil Procedure concerning notices, hearings, recital of reasons for immediate ac-

tion, and the like, and possibly also to the general rules of equity, such as the requirement of inadequacy of other remedies. It cannot reasonably be construed as meaning statutes defining appellate jurisdiction, such as article 4662. At least, that is not its necessary meaning, and we do not believe that either the drafters or the legislature so intended.

 Neither do we believe that the reference to appeals in Chapter 17 of the Code establishes an intention to make temporary orders appealable. Chapter 17 concerns proceedings brought by public officers to obtain emergency orders for the protection of children. The only reference to appeals is in section 17.07, which provides, "An appeal from an emergency order made under this chapter does not stay the order." Significantly, chapter 17 is not mentioned in section 11.19, although, as previously noted, that section expressly provides for appeals from orders made under chapters 13, 14, 15, and 16. Moreover, even though section 17.02 refers to section 11.11 and describes the order under chapter 17 as one "for the temporary care or protection of the child," and section 17.04 authorizes appointment of a temporary managing conservator, an order under chapter 17 may, nevertheless, be "final" for the purpose of appeal if it is of indefinite duration rather than one which continues in force only until a further hearing in the particular proceeding. Also, an order under section 17.04 returning a child to his parents may be a final order. Section 17.07 eliminates any question that such an order may be stayed by an appeal. We cannot agree that this section necessarily implies that a temporary order made under section 11.11 is appealable. The argument that temporary orders under section 11.11 are appealable because section 17.02 refers to section 11.11, is too attenuated to provide solid support for an assumption of appellate jurisdiction.

 Since this question is one of statutory construction, our notions of policy are relevant only in determining legislative intent. From this point of view, we are convinced that the stronger policy reasons sup-

port our construction that temporary orders are not appealable. Custody, visitation, and support litigation is often vexatious and acrimonious. Divorced and divorcing parents may harbor bitter feelings that lead them to employ the adversary system to satisfy personal cravings for vindication and vengeance. The victims of this process are the children, whose interests should be paramount. Their interests demand that litigation be as expeditious as may be consistent with fairness and justice. Their problems can only be aggravated by appeals from temporary orders in such cases.

■ Such appeals would often result in intolerable protraction of the litigation. They would frequently involve motions for suspension of temporary orders and for delays in preparation of the record, as does the attempted appeal in the present case. Further review by the supreme court on application for writ of error would also be available. *Houston Oil Co. v. Village Mills Co.,* 109 Tex. 169, 202 S.W. 725, 726 (1918). Notwithstanding admonitions in such cases as *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 422 (1959), and *Charter Medical Corp. v. Miller,* 554 S.W.2d 220, 223 (Tex.Civ.App.—Dallas 1977, no writ), that interlocutory appeals should not delay trial on the merits, attorneys rarely press for trial, and trial judges are reluctant to insist on proceeding while an interlocutory appeal is pending. The present case, for example, could have been tried on the merits in less time than that required to dispose of this appeal. The resulting delay would more than offset any benefit that would result from subjecting interlocutory orders in custody, visitation, and support cases to appellate review. Although a trial judge may occasionally abuse his discretion in issuing an interlocutory order, the harm is rarely, if ever, permanent, and the best remedy is an early trial on the merits. In absence of express language making such an order appealable, we cannot believe that the legislature intended to impose this additional burden on parents, children, and appellate courts.

■ Appellant also contends that the order appealed from is one granting a temporary injunction within article 4662 in view of the provision that the mother "shall not visit with" the children pending trial of the cause. If this contention were correct, this provision restricting visitation would be the only part of the order subject to review because of the well-settled rule that other interlocutory orders cannot be reviewed in an appeal from an order granting or refusing a temporary injunction. *Hastings Oil Co. v. Texas Co.,* 149 Tex. 416, 234 S.W.2d 389 (1950); *Dickson v. Dickson,* 516 S.W.2d 28 (Tex.Civ.App.—Austin 1974, no writ). We conclude, however, that the order is not injunctive, but rather one concerning custody and visitation. Any order defining visitation rights involves some degree of restraint. This court has recently held that not every temporary order imposing restraint is an appealable temporary injunction within article 4662. *Bowden v. Hunt,* 571 S.W.2d 550 (Tex.Civ.App.—Dallas 1978, no writ). The present order is not by its terms injunctive, and, consequently, we hold that it is not appealable.

Our former opinions are withdrawn and the appeal is dismissed.

AKIN, J., dissenting.

AKIN, Justice, dissenting.

I cannot agree that this court lacks jurisdiction to review an order of the domestic relations court removing the mother as managing conservator and appointing the father temporary managing conservator. In my view, we have jurisdiction under Tex.Family Code Ann. §§ 11.11(b), 11.19 (Vernon 1975). Neither do I agree that the order prohibiting the mother from visiting with the children cannot be reviewed because even if we lack jurisdiction of the order changing custody, we still have jurisdiction of that part of the order denying the mother visitation rights under Tex.Rev.Civ. Stat.Ann. art. 4662 (Vernon 1952). In my view, these questions are separate and distinct, and, consequently, the answer to one does not determine our jurisdiction of the other. Accordingly, I must dissent.

With respect to the order terminating the mother as managing conservator and appointing the father temporary conservator, we have jurisdiction under section 11.11(b) which provides: "Temporary orders under this section are governed by the *rules* governing temporary restraining orders and temporary injunctions in civil cases generally." [Emphasis added.] Temporary injunctions in civil cases are appealable under Tex.Rev.Civ.Stat.Ann. art. 4662 (Vernon 1952) and the procedure for such appeals is set forth in Tex.R.Civ.P. 385. As I read this statute, it makes all of the rules, whether procedural, substantive, or statutory, governing temporary injunctions applicable to temporary orders within the ambit of section 11.11 of the Texas Family Code. Consequently, an order changing custody, even though designated as "temporary", is also appealable. *In Interest of Stuart,* 544 S.W.2d 821, 822 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). In my view, had the legislature intended the contrary view, it would have used the language "Rules of Civil Procedure" instead of just "rules." The word "rules" is used in its broadest sense so that temporary orders under the family code are governed by all of the rules afforded temporary injunctions, including the right to appeal. Consequently, I do not regard *Johnson v. Parish,* 547 S.W.2d 311, 313 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) as correctly decided and, thus, not sound authority for the majority's view. In that case, the court correctly recognized that appealability turned on a construction of section 11.11(b), but narrowly construed the word "rules" to be limited to the Texas Rules of Civil Procedure as opposed to the broad construction used by the Tyler Court of Civil Appeals in *Stuart.*

Neither do I regard as authoritative the holding of the Beaumont Court of Civil Appeals in *Carpenter v. Ross,* 534 S.W.2d 447, 448 (Tex.Civ.App.—Beaumont 1976, no writ), also cited by the majority, that a temporary child custody order was not appealable under section 11.19(b)(2). In arriving at its conclusion, that court set forth no basis for its holding nor did it even quote or discuss the language of the statute. Simi-larly, in *Knipe v. Colpitts,* 551 S.W.2d 150, 151 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ) that court did not discuss the basis for its conclusion that an order denying visitation is not appealable nor did that court refer to any specific section of the Texas Family Code, but instead merely cited *Carpenter v. Ross, supra,* and *Johnson v. Parish, supra.*

The majority has interpreted the phrase "rule governing temporary injunctions" as pertaining only to the Texas Rules of Civil Procedure with respect to notices, hearings, recital of the reasons for immediate action and the general rules of equity. I cannot accept this interpretation. Had the legislature intended this interpretation, it could have accomplished it by omitting the words "and temporary injunctions" since the interpretation given this section by the majority is accomplished by the use of the words "temporary restraining orders." Under the majority's construction, the language "and temporary injunctions" is rendered meaningless. It can only be given meaning by reading it to include the right to appeal afforded temporary injunctions by article 4662. Of course, under the rules of statutory construction every word is presumed to have some meaning or otherwise the legislature would not have used the words. *E. g., Robertson v. State,* 406 S.W.2d 90, 95 (Tex.Civ.App.—Fort Worth 1966, writ ref'd n. r. e.).

The majority's primary reason for holding this order not appealable is that section 11.19 entitled "appeal" does not specifically state that all temporary orders are appealable. I cannot agree that such a statement in section 11.19 is necessary since section 11.19 provides:

(a) Appeals from orders, decrees, or judgments entered in suits affecting the parent-child relationship, *when allowed under this section or under other provisions of law,* shall be as in civil cases generally.

(b) An appeal may be taken by any party to a suit affecting the parent-child relationship from an order, decree, or judgment:

(1) entered under Chapter 13 of this code;

(2) entered under Chapter 14 of this code appointing or refusing to appoint a managing conservator; appointing or refusing to appoint a possessory conservator; ordering or refusing to order payments for support of a child; *or modifying any such order previously entered;*

(3) entered under Chapter 15 of this code terminating or refusing to terminate the parent-child relationship; or appointing a managing conservator;

(4) entered under Chapter 16 of this code granting or refusing an adoption. [Emphasis added]

As I read the language, as used in (a), "when allowed under this section or under other provisions of law," it permits an appeal from orders set forth in section 11.19(b), such as the order here modifying a previously entered order granting managing conservatorship to the mother, and "under other provisions of law." The latter phrase, of course, would include section 11.11(b) pertaining to temporary orders and article 4662. Furthermore, the legislature chose not to use the words "permanent" and "final" or any other words of limitation in section 11.19. By its express terms, section 11.19 does not limit appeal only to final orders with respect to appointments of managing or possessory conservators. This legislative intent is even clearer when sections 11.19 and 11.11(b) are read together.

Consequently, I cannot accept the majority's construction that section 11.19 merely codifies the law as it existed prior to the adoption of the Texas Family Code. In arriving at this conclusion, the majority correctly notes that section 11.19(b) makes specific references to Chapter 13, concerning legitimation; to Chapter 14, concerning conservatorship, possession, and support; to Chapter 15, concerning termination of parental rights; and to Chapter 16, concerning adoptions. Then the majority notes that final orders under those chapters would be appealable without regard to section 11.19(b) under Tex.Rev.Civ.Stat.Ann. art. 2249 (Vernon 1971) and concludes that section 11.19 was intended to be a comprehensive provision for appeals under the Code independent of other general statutes defining appellate jurisdiction. In arriving at its conclusion, the majority fails to give effect or meaning to subdivision (a) of section 11.19, upon which I predicate this dissent.

Furthermore, although the majority takes note of the mother's contention that Chapter 17, pertaining to emergency suits for protection of a child, is not specifically mentioned in section 11.19 and section 17.07 provides that an appeal from an order under that chapter does not stay the order, I cannot agree with the majority's conclusion that an order under Chapter 17 is, nevertheless, "final" in the sense that it is for an indefinite duration. I find no language in Chapter 17 justifying that conclusion. Indeed, section 17.05 provides that if the child is not restored to its parent, guardian, or conservator, the court shall order such restoration of possession or direct that a new suit affecting the parent-child relationship be filed. Thus, under Chapter 17, the court's order is necessarily temporary if a new suit affecting the parent-child relationship must be filed and can only be final if the child is restored to the parent. The fact that section 17.07 mentions an appeal from any order entered pursuant to Chapter 17 and is *not* specifically mentioned in section 11.19(b) reinforces my construction of sections 11.19(a) and 11.11(b) and negates the conclusion of the majority that temporary orders are not appealable under section 11.19 because they are not specifically referred to as such by name. Moreover, section 17.02 gives the state authority to act under section 11.11 as an alternative to Chapter 17. Indeed, it would be illogical to say that if the state chose to use section 11.11, the order would not be appealable, but if it chose to use Chapter 17, an appeal would be permitted.

I see no logical reason for ascribing to the legislature an intent to place a limitation on section 11.11(b) and construe it as not per-

mitting an appeal as in temporary injunctions. Under the holding of the majority, no provision is made to enforce section 11.-11(b) if a trial court refused to follow the rules pertaining to temporary restraining orders and temporary injunctions because if these orders are not appealable, any complaint becomes moot when the matter is finally adjudicated on the merits. Thus, no relief is afforded an aggrieved party when a trial court ignores the mandate of section 11.11(b).

In addition to the clear language of sections 11.11 and 11.19, it appears to me that the better policy is to permit such appeals in these situations since a child's life or welfare may be adversely affected even by a temporary order granting custody or denying visitation. Indeed, such orders may last for a period of many months, such as the order here, which was rendered in July of 1978 with final hearing scheduled in January of 1979. Even this trial date may be postponed due to the press of the trial dockets in this jurisdiction. Thus, even years may pass before a final determination is made and, in effect, the "temporary" order may indeed be a permanent order insofar as the child and parent adversely affected are concerned. In this regard, the underlying principle of the family code is that which is best for the child. Since temporary custody affects a substantial right with respect to the child's best interest, I believe the legislature intended to change the common law and to make such temporary custody orders appealable. *See Gordon v. Gordon,* 33 Ohio App.2d 257, 294 N.E.2d 239, 241 (Ct.App. 1973).

With respect to the appealability of that part of the order denying the mother the right of visitation, that order is appealable under the Texas Family Code, *supra,* and was appealable under case law prior to the adoption of the Texas Family Code. In *Janelli v. Bond,* 148 Tex. 416, 225 S.W.2d 824, 826–27 (1950), our supreme court held that a temporary injunction in a divorce case is appealable under article 4662 just as is any other injunction. Thus, apart from the clear language of section 11.11(b), read in conjunction with section 11.19(a), that part of the trial court's order denying visitation right was appealable even prior to the adoption of the Texas Family Code.

In conclusion, since this court has jurisdiction of both the order removing the mother as permanent managing conservator and naming the father temporary managing conservator and the order denying the mother the right to visit her children during the pendency of the final hearing, I dissent from the order dismissing this appeal and adhere to the original opinion of this court.