OPINION
Defendant-appellant Walter Lingenfelter appeals the June 30, 1999, Judgment Entry of the Stark County Court of Common Pleas, Division of Domestic Relations, granting a divorce to the parties and determining contested issues of health of the parties, spousal support, division of property, allocation of debt and child support. Plaintiff-appellee is Linetta Lingenfelter.
 STATEMENT OF THE CASE AND FACTS
The parties were married on November 12, 1988, in Fairfax, Virginia. One child was born as issue of the marriage, Ryan Mathew Lingenfelter, DOB March 13, 1991. A trial was conducted on March 8, 1999, and May 19, 1999. On the first day of trial, the parties agreed upon a shared parenting plan. A trial on the remaining contested issues of health of the parties, spousal support, division of property, allocation of debt and child support proceeded. On June 30, 1999, the trial court issued a Judgment Entry granting the divorce and determining the health of the parties, division of property, spousal support, allocation of debt between the parties and child support. The Judgment Entry failed to determine custody of the minor child and visitation and to allocate the tax exemption for the child. It is from the June 30, 1999, Judgment Entry that appellant raises the following assignments of error:
ASSIGNMENT OF ERROR I
 WHETHER THE TRIAL COURT'S ORDER OF SPOUSAL SUPPORT VIOLATED O.R.C. 3105.18 BY FAILING TO CONSIDER THE EARNING ABILITY OF EACH PARTY.
ASSIGNMENT OF ERROR II
 WHETHER THE TRIAL COURT'S DETERMINATION THAT THE $10,000.00 OWED TO THE STATE OF VIRGINIA WAS THE SEPARATE DEBT OF APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR III
 WHETHER THE TRIAL COURT'S DIVISION OF THE MARTIAL ASSETS WAS AN ABUSE OF DISCRETION VIOLATING O.R.C. 3105.17(F).
ASSIGNMENT OF ERROR IV
 WHETHER THE TRIAL COURT ERRED IN FAILING TO MAKE A DETERMINATION OF CUSTODY OF THE PARTIES' MINOR CHILD OR AN ALLOCATION OF THE TAX EXEMPTION FOR SAID CHILD.
The appeal before the court did not emanate from a final appealable order and, therefore, this court is without subject-matter jurisdiction over this case. R. C. 2505.02, as relevant to this case, provides that a final order that may be reviewed is "an order that affects a substantial right made in a special proceeding . . ." (Emphasis added.) Divorce are considered "special proceedings" within the meaning of R.C. 2505.02. State ex rel. Papp v. James (1994), 69 Ohio St.3d 373, 379, 632 N.E.2d 889,894-895. Since divorce proceedings are special proceedings, we must now determine whether a substantial right of a party has been affected. If so, the Judgment Entry is appealable. In Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181,183-184, the court held that an order "affects a substantial right" if appropriate relief in the future would be foreclosed if an appeal were not allowed immediately. Orders determining custody of a child or requiring the sale of business assets, as a result of a divorce, are examples of cases in which courts have found that the order affects the rights of a party in such a manner that they cannot be set right later. See Gordon v. Gordon (1973),33 Ohio App.2d 257, 294 N.E.2d 239 (holding that a determination of child custody is a substantial right and is appealable); Joseph v. Joseph (Jan. 25, 1988), Stark App. No. CA-7126, unreported, 1988 WL 8490 (holding that the sale of business assets would be an event "from which the trial court and the parties could hardly retrench" in the event it was determined the judgment was in error). We find that the determinations made in the June 30, 1999, Judgment Entry do not affect substantial rights. The Judgment Entry does not foreclose future relief, should the Judgment Entry be found to be in error. The trial court found that the parties have no real property, no joint debt, the major marital asset is appellant's tool box, used in the course of his work. Other personal property assets were found to have been divided by the parties prior to trial. The tools were awarded to appellant. Upon comparing the marital assets awarded to each party, appellant was ordered to pay a lump sum of $2,950.00 to appellee to equalize the division of the marital property. Further, appellant was ordered to pay spousal support and child support. However, a limited stay of execution of the Judgment Entry was placed upon the parties, prohibiting each party from transferring or disposing of any assets while this appeal was pending. This Judgment Entry does not affect a substantial right of the parties. None of these findings affect a substantial right. None of the orders of the trial court create a situation wherein failure to hear the appeal at this juncture will foreclose appropriate relief in the future. We find that, under the above facts and circumstances, the June 30, 1999, Judgment Entry is not a final, appealable order because it fails to address the issue of the allocation of parental rights regarding the child and it otherwise does not affect a substantial right of a party.
Therefore, this court lacks jurisdiction to presently hear this matter. Accordingly, the appeal is hereby dismissed.
GWIN, P.J. and HOFFMAN, CONCUR.