Rickey Fantroy v. Carolyn May Howard-Fantroy and In the Interest of R.F. a Child
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-101-CV

     RICKEY FANTROY,
                                                                              Appellant
     v.

     CAROLYN MAE HOWARD-FANTROY,
                                                                              Appellee

AND IN THE INTEREST OF R.F., A CHILD
 

From the 18th District Court
Johnson County, Texas
Trial Court # D2001-05094
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Rickey Fantroy appeals an order suspending his visitation rights. Because this is not an
appealable order, we dismiss this appeal for want of jurisdiction.
      The trial court signed a divorce decree in November 2001 dissolving the marriage between
Rickey and Carolyn Fantroy and awarding them joint custody of their son. Rickey appealed. We
docketed his appeal under our cause number 10-02-008-CV, which remains pending before this
Court.
      Carolyn filed a verified pleading


 with the trial court on February 11, 2002 asking the court
to: (1) enforce the decree by directing Rickey to return their son to her possession; (2) issue a writ
of habeas corpus directing him to do so; (3) grant temporary orders suspending further visitation;
(4) grant a temporary restraining order and a temporary injunction; and (5) modify the custody
portion of the divorce decree by naming her sole managing conservator and restricting Rickey to
supervised visits conditioned on the posting of a bond.
      The trial court issued the requested writ on the same day directing Rickey to produce their son
before the court the following day. Rickey failed to appear on February 12. The court signed an
order on February 12 directing him to return their son to Carolyn. The court signed a second
order on that date by which the court suspended visitation “until further order of the Court.” 


 
To date, the trial court has rendered no further orders in the matter.
      Rickey filed a notice of restricted appeal on April 3 stating his desire “to appeal the judgment
on February 12, 2002.” Because the trial court has not addressed or disposed of all claims
asserted by Carolyn, we warned Rickey that his appeal may be subject to dismissal for want of
jurisdiction. See Tex. R. App. P. 42.3(a). Rickey filed a response in which he contends that the
order he is appealing is an injunction appealable under section 51.014(a)(4) of the Civil Practice
and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp.
2002). We construe his response to mean that he is challenging the trial court’s order suspending
visitation.
      Article V, section 6 of the Texas Constitution vests this Court with jurisdiction over “all cases
of which the District Courts or County Courts have original or appellate jurisdiction, under such
restrictions and regulations as may be prescribed by law.” Tex. Const. art. V, § 6. Section
51.014(a)(4) of the Civil Practice and Remedies Code allows for an interlocutory appeal of an
order granting (or denying) a temporary injunction. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(4). However, the order suspending visitation is not a temporary injunction. See Craft
v. Craft, 579 S.W.2d 506, 511 (Tex. Civ. App.—Dallas), writ ref’d n.r.e. per curiam, 580
S.W.2d 814 (Tex. 1979).
      We construe Carolyn’s February 11 pleading as a motion to modify/enforce the prior custody
decree. Thus, it is a suit affecting the parent-child relationship.


 See Tex. Fam. Code. Ann. §
101.032(a) (Vernon Supp. 2002). In such proceedings, a trial court is authorized to issue
temporary orders including temporary restraining orders and injunctions. Id. §§ 105.001, 156.006
(Vernon Supp. 2002). Carolyn requested temporary orders, a temporary restraining order, and
a temporary injunction. The trial court granted only temporary orders. Such orders “are not
subject to interlocutory appeal.” Id. § 105.001(e).
      For the foregoing reasons, we dismiss this appeal for want of jurisdiction. Rickey shall pay
all costs incurred by either party in connection with this appeal.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed August 7, 2002
Do not publish
[CV06]