In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00078-CV
______________________________


 
IN THE INTEREST OF
DONALD RILEY BLEVINS, A CHILD
 


                                              

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 33812


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Catrena Roberts Campbell appeals the trial court's modification of the custody of Donald
Riley Blevins (D.R.B.), her five-year-old son. Under the previous order, both Campbell and the
child's father, Phillip Lynn Blevins, were named as joint managing conservators. In the trial court's
amended order, Blevins is named as the temporary sole managing conservator and Campbell is
appointed the temporary possessory conservator. The amended order denies Campbell visitation
until further orders by the trial court. After considering the matter on full briefing from both sides,
we dismiss the appeal for want of jurisdiction.
            Campbell and Blevins were divorced January 4, 2000, in the 6th Judicial District Court of
Fannin County. The parents were each appointed joint managing conservator of their two children. 
Campbell was given the right to establish the primary residence of the children. Blevins was
awarded access and possession of the children consistent with a standard possession order. In May
2002, a modification order was entered, which split the custody of the children by allowing J.B.B.,
the older son, to reside with his father. 
            On October 10, 2002, Blevins filed in Fannin County a motion for enforcement and motion
for contempt and order to appear (Contempt Motion) alleging that, on seven specific occasions,
Campbell failed to surrender D.R.B. as required by the divorce decree and requested that Campbell
be found in contempt and ordered to pay reasonable attorney's fees. On November 26, 2002,
Campbell filed a document entitled original petition to modify divorce decree. In this petition,
Campbell requested that the trial court grant her sole managing conservatorship of D.R.B. and a
permanent protective order. On January 10, 2003, the trial court sua sponte entered an order setting
a hearing to "determine whether to transfer venue to Franklin County and, if not, to what extent to
modify the prior orders of this court relating to the custody, visitation and support of said minor so
as to assure the child's safety and best interests." The trial court also specified that it would consider
the Campbell's petition and the Contempt Motion. The order set a hearing for January 23, 2003. 
            On January 23, 2003, a nonjury hearing was held. Campbell appeared pro se at the hearing. 
The trial court found Campbell in contempt for twenty-eight violations of the decree. The trial court
sentenced Campbell to thirty days on each act of contempt, but then suspended the imposition of
those sentences if Campbell cooperated with a therapist.


 On May 2, 2003, the trial court entered
an amended order, which vacated the contempt findings against Campbell. The amended order
found that "an emergency" existed concerning Campbell's custody of D.R.B. and appointed Blevins
as "Temporary Sole Managing Conservator of the Children until further order of this Court." The
amended order also appointed Campbell as the temporary possessory conservator of the minor
children, but gave her no access to the children until further orders of the court. Campbell appeals
this amended order and raises five points of error. 
            Before we consider the substance of Campbell's appeal, we must determine whether this
Court has jurisdiction over this appeal. Blevins argues this Court lacks jurisdiction over this appeal
because the trial court's order was a temporary order that is not subject to appeal. Campbell contends
the order is final and appealable.
            The general rule is that appellate courts have jurisdiction only over final judgments. See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Accordingly, in typical cases,
appellate courts have jurisdiction over appeals of interlocutory orders only if a statute explicitly
allows it. Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998). Exceptions are found in Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2004). Section 51.014 should be strictly
construed because it is a narrow exception to the general rule that only final judgments and orders
are appealable. Wolter v. Donaldson, 79 S.W.3d 160, 162 (Tex. App.—Texarkana 2002, no pet.). 
The Texas Family Code authorizes a trial court to issue temporary orders in certain situations. See
Tex. Fam. Code Ann. §§ 83.001, 105.001, 156.006 (Vernon 2002 & Supp. 2004). Temporary
orders under the Texas Family Code are not subject to interlocutory appeal. In re Lemons, 47
S.W.3d 202, 203–04 (Tex. App.—Beaumont 2001, orig. proceeding); Carpenter v. Ross, 534
S.W.2d 447, 448 (Tex. Civ. App.—Beaumont 1976, no writ); see Dancy v. Daggett, 815 S.W.2d
548, 549 (Tex. 1991).
            A final judgment, for purposes of appeal, disposes of all pending parties and claims. 
Lehmann, 39 S.W.3d at 200. "A judgment that finally disposes of all remaining parties and claims,
based on the record in the case, is final, regardless of its language." Id. "The language of an order
or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the
case." Id. 
            The same rules of interpretation apply in construing the meaning of a court order or judgment 
as in ascertaining the meaning of other written instruments. Lone Star Cement Corp. v. Fair, 467
S.W.2d 402, 404–05 (Tex. 1971). If a judgment is unambiguous, we do not consider extrinsic
matters. Reiss v. Reiss, 118 S.W.3d 439, 441 (Tex. 2003); Wilde v. Murchie, 949 S.W.2d 331, 332
(Tex. 1997). In Brines v. McIlHaney, the Texas Supreme Court held that an order, labeling the
conservatorship as "temporary orders only" and specifying they would remain in effect "until further
order of this court" was actually a final order. Brines v. McIlHaney, 596 S.W.2d 519, 522–23 (Tex.
1980). Because there was nothing in the decree which contemplated a further hearing and all issues
were resolved, the Texas Supreme Court held that the order was final. Id. at 523; see Keith v. Bright,
No. 07-96-0043-CV, 1996 Tex. App. LEXIS 4886, at *7–9 (Tex. App.—Amarillo Nov. 5, 1996, no
writ) (not designated for publication); see also Stone v. Stone, No. 09-96-271-CV, 1997 Tex. App.
LEXIS 3922, at *6–7 (Tex. App.—Beaumont July 24, 1997, no writ) (not designated for
publication).
            The order at issue is unambiguous and is temporary. First, the language of the order purports
to be temporary. The amended order appoints Campbell the "Temporary Possessory Conservator"
and provides that she "shall have no access to the children until further orders of this court." The
amended order also appoints Blevins "Temporary Sole Managing Conservator." Second, the finding
of an emergency indicates that the order was intended to be temporary. The trial court found that
"an emergency exists concerning Respondent Catrena Roberts Campbell's custody" of D.R.B., which
is a finding only necessary in a temporary order. A temporary order under Section 156.006 must be
"necessary because the child's present living environment may endanger the child's physical health
or significantly impair the child's emotional development." Tex. Fam. Code Ann. § 156.006. 
            The third and most important reason is that the amended order does contemplate a further
hearing. The order directs both parties for counseling and suggests that the purpose of counseling
is to reach a point where visitation can be resumed, which suggests another hearing on the matter. 
Specifically, the amended order requires the parties to "arrange for a counseling session to determine
what psychological counseling that Dr. Cannici would recommend and provide toward the end that
access to the children by Catrena Roberts Campbell can be commenced." The order required the
parties to arrange for counseling within ten days. The clause "toward the end" indicates that a further
hearing will be held after a recommendation from the psychological counseling is obtained. Because
this order contemplates a further hearing, we believe it is distinguishable from Brines. See Brines,
596 S.W.2d at 522–23.
            Last, we note that this order appoints Campbell as a possessory conservator, yet denies all
access to the child. This Court has previously held
because appointment of a parent as possessory conservator implies a finding that
access by that parent will not endanger the physical or emotional welfare of the child,
complete denial of access is limited to those situations in which the parent's access
will not endanger the physical or emotional welfare of the child, but is not in the best
interest of the child. 
In re A.P.S., 54 S.W.3d 493, 497 (Tex. App.—Texarkana 2001, no pet.) (citations omitted) (citing
In re Walters, 39 S.W.3d 280, 286–87 (Tex. App.—Texarkana 2001, no pet.)). This Court has stated
that "complete denial of access should be rare." Walters, 39 S.W.3d at 287. Because denial of all
access is rare, we conclude the trial court intended to and will hold another hearing in order to
determine the specifics of permanent conservatorship and access.
            Our review finds this order is temporary. We are confident the trial court will promptly
conduct another hearing to determine permanent conservatorship and access regarding this child. 
Since the temporary order is not subject to direct appeal, we lack jurisdiction to consider any of the
issues raised by Campbell. 
            We dismiss the appeal for want of jurisdiction.
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          April 22, 2004
Date Decided:             April 30, 2004