OPINION
Plaintiff-appellant, Anna White, appeals from the decision of the Jefferson County Court of Common Pleas, Juvenile Division, granting defendant-appellee, Jason Parsons, legal custody of his daughter, Samantha Parsons.
Samantha Parsons was born on June 6, 1995 to Elizabeth Kirlik. Appellee was established as Samantha's father and custody was awarded to Elizabeth with visitation rights granted to appellee. Elizabeth died on April 29, 1997.
At the funeral home, following Elizabeth's death, appellee signed a paper he believed would give appellant, Samantha's maternal aunt, the power of attorney to make medical decisions for Samantha if needed. Appellee testified that he did this because at the time, his living arrangements were unstable and he wanted to better himself before bringing Samantha to live with him. At the time of Elizabeth's death, appellee was living with Elizabeth's two brothers in a small three-bedroom apartment near Cincinnati.
On July 22, 1997, the Probate Court of Jefferson County issued letters of guardianship designating appellant as Samantha's guardian. Appellee testified that he consented to the guardianship because he thought it was necessary for appellant to make medical decisions for Samantha while she resided with appellant. Appellee further testified that he believed that the guardianship would not affect his permanent custody rights.
On June 23, 1999, the juvenile court entered judgment in favor of appellee, granting him legal custody of Samantha. Appellant filed a notice of appeal on July 21, 1999.
For the sake of clarity, appellant's second assignment of error will be addressed first. It states:
 "THE TRIAL COURT ERRONEOUSLY FAILED TO FIND THAT THE DEFENDANT-APPELLEE PARENT WAS UNSUITABLE AND THEREFORE ERRED IN AWARDING CUSTODY OF THE MINOR CHILD TO SAID DEFENDANT-APPELLEE."
Appellant argues that the "suitability" test set out in Inre Perales (1977), 52 Ohio St.2d 89, should have been applied in the present case. In that case, the Ohio Supreme Court stated:
 "In an R.C. 2151.23 (A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child." Id. at syllabus
The standard of review of a trial court's determination in a child custody proceeding is abuse of discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Abuse of discretion connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant argues that appellee contractually relinquished custody of Samantha by consenting to the guardianship. However, appellee testified that when he signed the guardianship forms he did not think that he was giving up his parental rights. Furthermore there was a letter to appellee's father from appellant's attorney regarding the guardianship introduced into evidence which stated, "[T]his is a Guardianship proceeding and does not effect (sic.) the permanent custody rights of Jason Parsons."
Appellant next asserts that appellee abandoned Samantha. Appellee testified that he did move from Jefferson County to the Cincinnati area when Samantha was around six months old but he did so to find a better job for himself. Furthermore, appellee did visit Samantha.
Appellant also argues that appellee was incapable of caring for and supporting Samantha. However, when appellant testified regarding the time Samantha stayed with appellee for several months she said that Samantha was both safe and happy with appellee. Also the juvenile court found that appellee had been making child support payments and was not in arrears.
Appellant finally argues that the award of custody to appellee is detrimental to Samantha, or in other words, not in Samantha's best interest. Appellant's first assignment of error states:
 "THE TRIAL COURT ERRONEOUSLY FOUND THAT THE BEST INTEREST OF THE MINOR CHILD WOULD BE SERVED BY DESIGNATING DEFENDANT-APPELLEE RATHER THAN PLAINTIFF-APPELLANT AS THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF SAID MINOR CHILD."
Appellant argues that Samantha has been integrated into her home and interacts with her grandparents who live nearby. Appellant claims that appellee voluntarily relinquished custody to her and that he is unstable. She argues that she has been Samantha's primary caregiver since Elizabeth died. Appellant further asserts that appellee is living in a tenuous relationship with his fiance. Appellant also claims that appellee has had only minimal contact with Samantha.
Appellant cites to the case of Gordon v. Gordon (1973),33 Ohio App.2d 257, syllabus, which states:
 "Where the parent to whom custody of minor children has been awarded by a divorce court subsequently dies during their minority, custody is to be awarded on the death of that parent as the court may determine in the best interests of the children. In such event it is not necessary for the court to find that the surviving parent is not a suitable person to have custody before awarding custody to another person."
R.C. 3109.04 (F)(1) lists factors to consider when determining the best interest of a child. The factors include, but are not limited to: the wishes of the parents; the wishes of the child, if the child has been interviewed by the court; the child's interaction with parents, siblings, and others who may affect his best interest; the child's adjustment to his home, school, and community; the mental and physical health of all involved; the parent more likely to honor visitation; whether a parent has failed to make child support payments; whether a parent has been convicted of or pleaded guilty to any criminal offense involving child abuse or neglect or whether there is reason to believe that a parent has acted in a manner resulting in a child being abused or neglected; whether a residential parent has continuously and willfully denied the other parent visitation; and whether either parent has established or is planning to establish a residence outside of the state.
The juvenile court did not interview Samantha due to her young age. The juvenile court made the following findings of fact concerning Samantha's best interest. Samantha interacts well and has a good relationship with appellee, her half-sister at appellee's home, and appellant. All of these parties have a significant effect on her best interest. Samantha is well adjusted to both her home in Toronto, Ohio with appellant and her home in Lebanon, Ohio with appellee. All parties involved enjoy good mental and physical health. Both appellant and appellee would honor visitation rights of the other. Appellee has been paying child support and there are no arrearages. Neither appellant nor appellee has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being abused or neglected. Neither appellant nor appellee has established or is planning to establish a residence outside of Ohio.
The juvenile court analyzed all of the relevant factors in reaching the conclusion that it is in Samantha's best interest that custody be awarded to appellee.
Although the juvenile court applied the "best interest" test, it also found appellee to be a suitable parent. In its judgment entry of June 23, 1999, the juvenile court stated:
 "The Court finds that the biological father, Jason Parsons, is a suitable person to be legal custodian of his child, Samantha Parsons."
It is clear that under either test, appellee would have been awarded custody of his daughter. For the reasons stated above, appellant's assignments of error are without merit.
Accordingly, the decision of the juvenile court is hereby affirmed.
Cox, J., concurs, Waite, J., concurs.
APPROVED:
 _______________________ Gene Donofrio, Judge