James L. QUERNER, Appellant,

v.

Katherine E. QUERNER, Appellee.

No. 04–83–00525–CV.

Court of Appeals of Texas, San Antonio.

Feb. 22, 1984.

Rehearing Denied March 21, 1984.

---

Gary Pinnell, San Antonio, for appellant.

Oliver S. Heard, Jr., San Antonio, for appellee.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

PER CURIAM.

On November 16, 1983, we gave notice of our intention to dismiss this appeal pursuant to TEX.R.CIV.P. 387(b) based on our lack of jurisdiction to hear this interlocutory appeal. Appellant responded with a Statement of Jurisdiction in which he argues that this appeal presents a jurisdictional question of first impression in Texas regarding the availability of an appeal from temporary orders entered pursuant to section 3.58 of the Family Code as amended in 1981.[1]

■ Appellant's argument may be summarized in the following statement: The 1981 amendment to section 3.58 now makes all orders entered under that section injunctive, therefore, temporary injunctions entered under section 3.58(b) are appealable pursuant to TEX.REV.CIV.STAT.ANN. art. 4662 (Vernon Supp.1982–1983). We do not agree. While section 3.58 has been amended to set out the requirements and the procedures for obtaining temporary injunctive relief pending the entry of a divorce decree, the amended section is not restrictive in the sense that *all* orders entered thereunder must be so characterized.

A party to the divorce proceedings may request a temporary restraining order or a temporary injunction, and the trial court may enter such an order. Likewise, the trial court may enter a non-injunctive temporary order as it was able to do prior to the 1981 amendment. It is well-settled that such temporary orders, if they are not injunctive and if they do not appoint a receiver, are not appealable. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 527 (1961); *Sparr v. Sparr*, 596 S.W.2d 164, 166 (Tex.Civ.App.—Texarkana 1980, no writ).

*Craft v. Craft*, 579 S.W.2d 506 (Tex.Civ. App.—Dallas), *writ ref'd per curiam*, 580 S.W.2d 814 (Tex.1979) presents a similar issue. There the court had to decide whether noninjunctive temporary orders issued under section 11.11 were appealable. The Dallas court held that they were not. Section 11.11(b) as it read when *Craft* was decided provided:

Temporary orders under this section are governed by the rules governing temporary restraining orders and temporary injunctions in civil cases generally.

Despite this language, which is seemingly more restrictive than the amended section 3.58, the Dallas court held that section 11.11 did not make all temporary orders entered thereunder appealable. The court noted that if this was the Legislature's intention, it could have explicitly so provided. 579 S.W.2d at 510. The Supreme Court approved this holding in a per curiam opinion stating that there is no provision in the Family Code permitting an interlocutory appeal from such orders. 580 S.W.2d at 814.

■ In 1981 the Legislature amended section 11.11 in order to make temporary orders in a suit affecting the parent-child relationship a rough equivalent of the revised procedure in dissolution cases authorized by the 1981 amendments to section 3.58. McKnight, *Parent and Child, Texas Family Code Symposium*, 13 TEX.TECH. L.REV. 799, 865 (1982). Both sections now

---

**1.** All statutory references are to TEX.FAM. CODE ANN. unless otherwise indicated.

provide for the entry of temporary restraining orders and temporary injunctions, and eliminate certain ordinarily mandatory requirements for the entry of such orders. Yet, despite being presumptively aware of the *Craft* decisions and the case law holding that temporary orders entered pursuant to either section generally are not appealable,[2] the Legislature failed to include in its amendments language explicitly providing for interlocutory appeals from such orders. If the Legislature had intended such a radical change in the jurisdiction of the courts of appeal of this State, we must assume they would have done so explicitly rather than by implication. *See, e.g., Red River National Bank v. Ferguson*, 109 Tex. 287, 206 S.W. 923, 925 (1918) (it is assumed that to effect a radical change in existing law the Legislature will use language so plain and certain as to eliminate the need for construction). The ease with which such intent could have been expressed, coupled with the Legislature's failure to do so, implies that the radical departure advocated by appellant was not intended.

The *Craft* opinion is further instructive as to the policy reasons which compel the rejection of appellant's argument. As the court observed, such interlocutory appeals would often result in protraction of litigation which would more than offset any benefit resulting from subjecting such interlocutory orders to appellate review. 579 S.W.2d at 511. The Court continued:

> Although a trial judge may occasionally abuse his discretion in issuing an interlocutory order, the harm is rarely, if ever, permanent, and the best remedy is an early trial on the merits. In absence of express language making such an order appealable, we cannot believe that the Legislature intended to impose this additional burden on [spouses] and appellate courts.

*Id.*

Having determined that all temporary orders entered pursuant to section 3.58 are not necessarily injunctive, we must resolve the remaining issue: is the order entered herein a temporary injunction?

Appellee, petitioner in this divorce action, filed a "Motion for Additional Temporary Orders" seeking temporary support, payment of reasonable attorney's fees, an inventory and appraisement from appellant, and appointment of an auditor. After a hearing on this motion, the trial court entered "Additional Temporary Orders" wherein it ordered appellant to pay appellee $1,000.00 per month as support during the pendency of the litigation, to file an inventory and appraisement, and to pay appellee's attorneys $15,000.00 as the initial attorney's fee payment. The court reserved the right to order additional payments during the pendency of the litigation. The order also provided for the appointment of an auditor. It is from these "Additional Temporary Orders" that appellant has sought to perfect his appeal. We hold that the court's order does not constitute an appealable temporary injunction.

Appellate courts have been reluctant to characterize temporary orders entered pursuant to section 3.58 as appealable temporary injunctions. Orders, similar to the order entered in the proceedings below, have been held not to be appealable. *Wells v. Wells*, 539 S.W.2d 220, 222 (Tex. Civ.App.—Houston [1st Dist.] 1976, writ dism'd); *Dickson v. Dickson*, 516 S.W.2d 28, 30 (Tex.Civ.App.—Austin 1974, no writ); *Archer v. Archer*, 407 S.W.2d 529, 530 (Tex.Civ.App.—San Antonio 1966, no writ). We see no material difference in the orders entered in the foregoing authorities and in the order entered herein. The order herein is not by its terms injunctive. It does not enjoin anyone from doing anything. *Archer v. Archer*, 407 S.W.2d at 529. It does not set forth the reasons for its issuance, a defect fatal to purported injunctions. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971); TEX.R.CIV.P. 683. Nor was an injunction prayed for by appellee.

---

**2.** New or revised statutes are presumed to be enacted by the Legislature with full knowledge of the existing condition of the law and subject thereto unless the contrary is clearly indicated. *Allen Sales & Servicecenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975).

The prayer of the party seeking an injunction must specify with reasonable certainty the relief sought and the particular type of decree sought. *Fant v. Massie,* 451 S.W.2d 774, 776 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.); *Temple Independent School District v. Proctor,* 97 S.W.2d 1047, 1051 (Tex.Civ.App.—Austin 1936, writ ref'd); 6 L. LOWE, REMEDIES § 173 (Texas Practice 1973). Appellee sought nothing more than that her motion for additional temporary orders be granted. The order sought to be appealed from is not appealable.

The appeal is dismissed.