**James L. POST, Relator,**

v.

**The Honorable Margarito GARZA, Judge, 148th District Court of Nueces County, Respondent.**

**No. 13–93–595–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1993.

Rehearing Overruled Dec. 29, 1993.

Van Huseman, White, Huseman, Pletcher & Powers, Corpus Christi, for relator.

Ann E. Coover, Coover & McCrossin, Corpus Christi, for respondent.

Before GILBERTO HINOJOSA, KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

■ This is a mandamus action complaining of temporary orders issued by Judge Garza requiring James Post to pay $15,000 in interim attorney's fees to his wife's attorney in connection with their pending divorce. Post's wife requested the fees and a hearing was held at which Judge Garza heard testi-mony from the wife's attorney concerning the amount and reasonableness of her fees, but refused to allow Post to cross-examine the attorney or put on any evidence of his own. Judge Garza then awarded $15,000 in attorney's fees to the wife's attorney.[1] We conditionally grant a writ of mandamus.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Specifically, since the trial court's issuance of temporary orders in a divorce action is not subject to interlocutory appeal, mandamus is an appropriate remedy to challenge such orders. *Little v. Daggett,* 858 S.W.2d 368 (Tex. 1993); *Dancy v. Daggett,* 815 S.W.2d 548 (Tex.1991); *Wallace v. Briggs,* 162 Tex. 485, 490–91, 348 S.W.2d 523, 527 (1961); *Querner v. Querner,* 668 S.W.2d 801, 802 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). Without review by mandamus, the impact of such orders on questions of interim custody, support or costs, which would not necessarily be incorporated into or considered in relation to the final decree of divorce, would thus be isolated from appellate review. The trial judge would then be left with absolute discretion to determine such matters and would be protected from any claims of error by the subsequent final judgment.

■ The abuse complained about in the present mandamus is the trial court's refusal to allow relator to cross-examine the wife's attorney or to present his own evidence on the issue of interim attorney's fees. As relator notes, this hearing amounted to an effectively *ex parte* proceeding with regard to the wife's attorney's fees, although Post was present through his lawyer and attempted, but was refused the opportunity, to take part in the evidentiary portion of the hearing.

Tex.Fam.Code Ann. § 3.58(c) (Vernon 1993), provides, in pertinent part, as follows:

---

1. Although the order purports to make the award subject to a later showing that the amount was not reasonable and necessary, at which time the amount would be ordered refunded, such language is unnecessary in view of the fact that all temporary orders of this nature are interlocutory and therefore subject to the control of the court and open to reconsideration and revision. *See* *Stubbs v. Patterson Dental Laboratories,* 573 S.W.2d 274, 276 (Tex.Civ.App.—Eastland 1978, no writ). To state in the order itself that it is subject to further order of the court is nothing more than a meaningless acknowledgement that it is in fact an interlocutory order. Therefore, we place no weight on this statement in our review of the temporary order.

After a petition for divorce or annulment or to declare a marriage void is filed, the court, on the motion of any party or on the court's own motion, may make any appropriate order, including the granting of a temporary injunction, after notice and hearing, for the preservation of the property and protection of the parties as deemed necessary and equitable, including but not limited to an order directed to one or both parties:

\* \* \* \* \* \*

(4) ordering payment of reasonable attorney's fees and expenses; ....

The statute thus requires notice and a hearing before the court may award interim attorney's fees.[2] This requirement of a hearing implies that the opposing spouse will be afforded the normal right to participate in an *adversarial* hearing, rather than merely the right to be present as a spectator at an *ex parte* hearing. *See Black v. Onion,* 694 S.W.2d 52, 55 (Tex.App.—San Antonio 1985, orig. proceeding).[3] In the present case, the trial court's refusal to allow Post to participate through cross-examination and the presentation of his own evidence amounted to a clear abuse of discretion and a violation of his due process right to be heard. *See Elliott v. Lewis,* 792 S.W.2d 853, 855 (Tex.App.—Dallas 1990, no writ); *City of Houston v. Houston Lighting & Power Co.,* 530 S.W.2d 866, 869 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.); *Turcotte v. Trevino,* 499 S.W.2d 705, 723 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *see also Alvarado v. Magic Valley Electric Co-op, Inc.,* 784 S.W.2d 729, 732 (Tex.App.—San Antonio 1990, writ denied); *Williams v. Holley,* 653 S.W.2d 639, 640 (Tex.App.—Waco 1983, writ ref'd n.r.e.); *P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.,* 629 S.W.2d 142, 143–44 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

We conditionally grant a writ of mandamus directing Judge Garza to vacate his order awarding $15,000 in interim attorney's fees to the wife's attorney. However, the writ will issue only if Judge Garza fails to comply with the opinion of this Court.

---

2. Although it may appear from the language of the statute that all such temporary orders are denominated "temporary injunctions," which are otherwise subject to an accelerated appeal, in this instance the statute itself specifically provides that "[a]n order issued under this section, except an order appointing a receiver, is not subject to interlocutory appeal." Tex.Fam.Code Ann. § 3.58(g) (Vernon 1993); *see also Querner,* 668 S.W.2d at 802–03.

3. We note that the present motion for interim attorney's fees requires a factual determination and is not the type of hearing contemplated by *Gulf Coast Investment Corp. v. NASA 1 Business Center,* 754 S.W.2d 152 (Tex.1988), which may be determined without a personal appearance before the court or an oral or evidentiary presentation to the court.