Cook v. Mayfield 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-283-CV

     THOMAS ALLAN COOK,
                                                                                              Relator
     v.

     HONORABLE ALAN MAYFIELD, JUDGE,
     74TH DISTRICT COURT, McLENNAN
     COUNTY, TEXAS,
                                                                                              Respondent
 

 Original Proceeding
                                                                                                    

OPINION DENYING MOTION FOR REHEARING
                                                                                                    

      Annis Jo Cook (Ann) seeks a rehearing of our grant of Thomas Cook's Petition for Writ of
Mandamus. See Tex. R. App. P. 100. She asserts, among other grounds for rehearing, that
Thomas's petition was procedurally defective because it was not accompanied by a certified copy
of the trial court's order denying the plea in abatement as required by Rule 121 and that Thomas
had an adequate remedy at law. See id. 121(a)(2)(C).
      Thomas's motion for leave to file the petition, together with the petition, was filed on
September 14, 1994. On September 2 a transcript was filed in our cause number 10-94-271-CV,
an attempted interlocutory appeal in the same divorce case. Thomas's petition makes numerous
references to the statement of facts and transcript in the interlocutory appeal, including a reference
to the order overruling his plea in abatement that is contained at page 29 of that transcript. 
Additionally, a copy of the "temporary orders" that the trial court signed on September 2 and
about which Thomas complained in his petition was attached to the petition as Exhibit B.
      As we pointed out in dismissing Thomas's interlocutory appeal, temporary orders issued
under section 3.58 of the Family Code are not appealable. See Cook v. Cook, No. 10-94-271-CV,
slip op. at 2 (Tex. App.—Waco October 19, 1994); Tex. Fam. Code Ann. § 3.58(g). Thus,
mandamus is an appropriate remedy to challenge such orders. Post v. Garza, 867 S.W.2d 88, 89
(Tex. App.—Corpus Christi 1993, orig. proceeding). Additionally, because Thomas's challenge
of the temporary orders was based on the trial court's failure to grant his plea in abatement, we
stated that a remedy by appeal after trial is not adequate because of the rule that the defect in
residential qualifications may be cured by amending the petition for divorce after the requisite
period of residency in the county has been achieved. See Cook v. Mayfield, No. 10-94-283-CV,
slip op. at 2 (Tex. App.—Waco October 19, 1994, orig. proceeding). 
      Finding all of Ann's points in her motion for rehearing without merit, we deny the motion.
      Having been advised that the Respondent has signed an order abating the cause, we withdraw
the writ of mandamus issued on October 20, 1994.
 
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
          (Justice Cummings would grant the motion for rehearing)
Motion for rehearing denied; writ withdrawn
Opinion delivered and filed November 30, 1994
Do not publish