John S. MASON, Appellant

v.

Patricia A. MASON, Appellee.

No. 14–07–00991–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 15, 2008.

Joan V. Schweppe, Houston, TX, for appellants.

Frank V. Panzica, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices FOWLER and BOYCE.

## OPINION

PER CURIAM.

This is an attempted appeal from an interlocutory order signed October 31, 2007, confirming an arbitration award on temporary orders entered in a pending divorce and suit affecting the parent-child relationship (SAPCR). Because we lack jurisdiction over this interlocutory appeal, we dismiss.

■ Texas strongly encourages alternative dispute resolution, particularly in family law matters. *See* Tex. Civ. Prac. & Rem.Code Ann. § 154.002 (Vernon 2005).[1] The Family Code expressly permits binding arbitration in divorce and SAPCR cases. *See* Tex. Fam.Code Ann. §§ 6.601, 153.0071 (Vernon 2005 & Supp.2007).[2]

The parties agreed to mediate before Judge Maryellen Hicks and reached an agreed binding mediated settlement agreement (MSA) as to temporary orders pending conclusion of the divorce. The agreement provided that if any dispute arose as to the entry of the temporary orders, the dispute would be resolved in binding arbitration before Judge Hicks. Specifically, the MSA provided as follows:

> Said Arbitrator may decide what constitutes substantial compliance with all terms, and any omitted terms, of this Agreement that were discussed and agreed upon in the mediation. Maryellen W. Hicks may make disposing decisions concerning the language of this Order and submit the draft approved by her to the Court for signature and entry.

Appellant was ordered to pay certain fees, including attorney's fees, as part of the MSA, and the parties returned to arbitration when a dispute arose over compli-

---

1. "It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession and support of children, and the early settlement of pending litigation through voluntary settlement procedures." Tex. Civ. Prac. & Rem.Code Ann. § 154.002 (Vernon 2005).

2. "On written agreement of the parties, the court may refer a suit for dissolution of a marriage to arbitration. The agreement must state whether the arbitration is binding or nonbinding." Tex. Fam.Code Ann. § 6.601 (Vernon 2005); *see also* Tex. Fam.Code Ann. § 153.0071 (Vernon Supp.2007) (same for a SAPCR).

**718**

ance with these orders. It is from the confirmation of the arbitration award ordering compliance with the temporary orders that this appeal arises.[3]

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only when expressly permitted by statute. *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 352 (Tex.2001); *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992) (orig.proceeding). Texas courts strictly construe statutes authorizing interlocutory appeals. *America Online, Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex. App.-Houston [14th Dist.] 1997, no writ).

The Texas Family Code specifically precludes the interlocutory appeal of temporary orders, except those appointing a receiver. *See* Tex. Fam.Code Ann. § 6.507 (Vernon 2006); see also Tex. Fam.Code Ann. § 105.001(e) (Vernon 2006) (stating temporary orders in suits affecting the parent-child relationship are not subject to interlocutory appeal). Because it appeared to this court that appellant is attempting to appeal temporary orders, which the Family Code expressly prohibits, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal. *See* Tex.R.App. P. 42.3(a).

Appellant filed a response to our notice, asserting that the appeal is permitted by Section 171.098 of the Texas Civil Practice & Remedies Code, which provides for an appeal of an order confirming an arbitration award. *See* Tex. Civ. Prac.

& Rem.Code Ann. § 171.098(a) (Vernon 2005). Section 311.026 of the Texas Government Code provides that when two statutes are in conflict with each other, the specific statute "prevails as an exception to the general" statute. Tex. Gov't Code Ann. § 311.026(b) (Vernon 2005). Applying this principle, Texas courts of appeals have held that the specific Family Code provision limiting temporary order appeals controls over the general statute in the Civil Practice and Remedies Code permitting interlocutory appeals from temporary injunctions. *See, e.g., Marley v. Marley,* No. 01–05–00992–CV, 2006 WL 3094325, at *2 (Tex.App.-Houston [1st Dist.] 2006, pet. denied) (mem.op.) (holding section 51.014(4) of the Civil Practice and Remedies Code permitting appeals from temporary injunctions did not control over prohibition in section 6.502 of interlocutory appeals from temporary orders in divorce proceedings); *Cook v. Cook,* 886 S.W.2d 838, 839 (Tex.App.-Waco 1994, no writ) (rejecting argument that section 51.014(4) allowed an interlocutory appeal from temporary orders issued under Family Code section 3.58, the identical former version of section 6.502). Because sections 6.507 and 105.001(e) of the Family Code apply specifically to divorce and SAPCR proceedings, they prevail over the application of the general arbitration statute, section 171.098 of the Civil Practice and Remedies Code.

Appellant also asserts that the Family Code prohibition on appeals from temporary orders does not apply because the order being appealed is not an order entered under Title 1, Subchapter F of the Family Code, governing Temporary Orders, but is instead under Subchapter G,

**3.** "If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award"). Tex. Fam.Code Ann. § 6.601(b) (Vernon 2005). "If the parties agree to binding arbitration, the court shall render an order reflecting the arbitrator's award unless the court determines at a nonjury hearing that the award is not in the best interest of the child." Tex. Fam.Code Ann. § 153.0071(b) (Vernon Supp.2007)

providing for alternative dispute resolution, including arbitration. This argument ignores the fact that the arbitration in this case concerned temporary orders entered during the pendency of the divorce.

■ We hold that the trial court's order confirming a binding arbitration order entered during the pendency of a divorce and SAPCR proceeding may not be challenged by interlocutory appeal. Therefore, we lack jurisdiction over this appeal.

Accordingly, the appeal is ordered dismissed.