

# Court Of Appeals
## Fourth Court of Appeals District of Texas
### San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00113-CV

**IN THE INTEREST OF R.H.H.** and C.E.H., Children

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 1997-CI-07786
Honorable David A. Berchelmann, Jr., Judge Presiding[1]

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:   March 11, 2009

DISMISSED IN PART; AFFIRMED IN PART

Jon Hendricks appeals several orders entered in the underlying proceeding in which both parties are seeking to modify the parent-child relationship. Jon presents nine points of error in his brief. We first address our jurisdiction to consider these issues.

---

[1] The Honorable David A. Berchelmann, Jr. signed the Order Granting Monica Hendrick's Motion for No Evidence Summary Judgment and Severance as to Respondent's Motion for Sanctions Against Petitioner and Petitioner's Attorneys, and the Honorable Janet Littlejohn signed the Order Partially Granting Petitioner's Motion to Sever and for No Evidence Summary Judgment.

## JURISDICTION

Generally, appeals may be taken only from a final judgment. *Mason v. Mason*, 256 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2008, no pet.). This court does not have jurisdiction to consider appeals from interlocutory orders unless expressly permitted by statute. *Id*.

Although the trial court has not signed a final judgment in the underlying proceeding, the trial court did sign orders granting two no-evidence motions for summary judgment which it then severed from the underlying proceeding. The severance of these orders made them final for purposes of appeal. *See City of Laredo v. Leal*, 161 S.W.3d 558, 562 n.2 (Tex. App.—San Antonio 2004, pet. denied). Having reviewed the nine points of error raised by Jon, however, we conclude that this court has jurisdiction to consider only his fifth and seventh points of error which challenge the trial court's orders on the no-evidence motions for summary judgment. Jon's remaining points of error relate to either interlocutory orders or the pending proceeding and are, therefore, dismissed for lack of jurisdiction.

## NOTICE OF HEARING

In his fifth point of error, Jon contends the trial court erred in granting the no-evidence summary judgment as to his claim for sole managing conservatorship because he did not have proper notice of the summary judgment hearing. We disagree.

A "hearing on a motion for summary judgment may be set as early as" the 24th day after a motion is served by mail. *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994); *Emerson v. Chase Manhatten Mortgage Corp.*, No. 04-05-00323-CV, 2005 WL 3477862, at *1 (Tex. App.—San Antonio Dec. 21, 2005, no pet.) (mem. op.). "When computing the allowable time for service, the

actual day of service is not counted, but the day of the hearing is included in the computation."

*Emerson*, 2005 WL 34477862, at *1 (citing *Lewis*, 876 S.W.2d at 316).

Monica filed and sent, via certified mail, the motion for summary judgment on February 8, 2008. Accordingly, the day of service was February 8, 2008. Excluding that day, exactly twenty-four days elapsed when counting from February 9 to March 3, the day of the hearing. Accordingly, Jon had proper notice of the summary judgment hearing, and his fifth point of error is overruled.

### EVIDENCE OF SANCTIONABLE CONDUCT

In his seventh point of error, Jon complains that the trial court erred in granting Monica's no-evidence motion for summary judgment on his second amended motion for sanctions. Jon asserts that he filed a response and presented evidence of the sanctionable conduct. In his brief, however, Jon globally references his 105 page pleading and his attorney's business records and affidavit. Jon's entire argument on this issue in his brief consists of the following:

> Jon responded to Monica's motion for summary judgment by filing with the trial court two definitive documents: first is <u>Respondent's Second Amended and Supplemental Motion for Sanctions Against Petitioner's Attorneys</u> served April 26, 2008, I/II Suppl. 0159-0265 (a 105 page pleading); second is Jon's attorney's business records and affidavit, cited as beginning at I/III C.R. 0099 and ending on page 0947 in III/III C.R. These hundreds of pages of business records are evidence of the sanctions complained of by Jon which are discussed, set forth, and identified in the 105 page related motion for sanctions (cited above). While Jon cannot regurgitate the contents herein, the motion maps out in great detail the contents of the business records to show sufficient evidence requiring a reversal in the court's ruling that Jon had no evidence in support of his allegations of sanctions made against Monica and Monica's attorneys. Any place in the motion will provide this Court of Appeals with a starting point of inquiry and analysis of the evidence Jon has. The motion and business records (along with Jon's attorney's affidavit speak for themselves).

On appeal, Jon has a duty to show that the record supports his contentions. *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.). "As an appellate court, we are not required to search the record for a scintilla of evidence raising a material fact issue without more specific guidance." *Id.* Accordingly, Jon's seventh point of error is overruled.

CONCLUSION

Jon's fifth and seventh points of error are overruled. The Order Partially Granting Petitioner's Motion to Sever and for No Evidence Summary Judgment signed on May 22, 2008, and the Order Granting Monica Hendrick's Motion for No Evidence Summary Judgment and Severance as to Respondent's Motion for Sanctions Against Petitioner and Petitioner's Attorneys signed on September 3, 2008, are affirmed. Because we do not have jurisdiction to consider Jon's remaining points of error, they are dismissed.

Catherine Stone, Chief Justice