Petition for Writ of Mandamus
Conditionally Granted and Memorandum Opinion filed January 28, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00049-CV

____________

 

IN RE VITOL, INC. AND MIGUEL ANGEL LOYA, Relators

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            In
this original proceeding, relators Vitol, Inc. and Miguel Angel Loya seek a
writ of mandamus ordering the respondent, the Honorable Judy Warne, to vacate her
order of January 15, 2010, granting a temporary injunction.  Relators have also
filed an Emergency Motion for Temporary Relief and Stay.  Real Party in
Interest, Leticia B. Loya, filed a response.  We conditionally grant the writ
and deny the motion as moot.

The underlying suit is a divorce proceeding between Miguel Angel Loya and
Leticia B. Loya.  Leticia B. Loya requested a temporary injunction against
Miguel Angel Loya.  A hearing was conducted on January 4, 2010, and on January
15, 2010, the trial court signed an order granting the temporary injunction
that is the subject of this original proceeding.

ADEQUATE REMEDY BY APPEAL

            Mandamus relief is
available if the trial court abuses its discretion when there is no other
adequate remedy by law.  See Walker v. Packer, 827 S.W.2d 833, 839-40
(Tex. 1992).  Under section 6.507 of the Texas Family Code, Miguel Angel Loya
has no adequate remedy by appeal.  Section 6.507 provides “[a]n order under this
subchapter, except an order appointing a receiver, is not subject to
interlocutory appeal.”  Tex. Fam. Code Ann. § 6.507 (Vernon’s 2006).  As this
court recently noted, “Texas courts of appeals have held that the specific
Family Code provision limiting temporary order appeals controls over the
general statute in the Civil Practice and Remedies Code permitting
interlocutory appeals from temporary injunctions.”  Mason v. Mason, 256
S.W.3d 716, 718 (Tex. App. — Houston [14th Dist.] 2008, no writ) (citing Marley
v. Marley, No. 01-05-00992-CV, 2006 WL 3094325, at *2 (Tex. App. — Houston
[1st dist.] 2006, pet. denied) (mem. op) (holding section 51.014(4) of the
Civil Practice and Remedies Code permitting appeals from temporary injunctions
did not control over prohibition in section 6.502 of interlocutory appeals from
temporary orders in divorce proceedings); Cook v. Cook, 886 S.W.2d 838,
839 (Tex. App. — Waco 1994, no writ) (rejecting argument that section 51.014(4)
allowed an interlocutory appeal from temporary orders issued under Family Code
section 3.58, the identical former version of section 6.502)).  Because section
6.507 of the Family Code applies specifically to divorce proceedings, it
prevails over Tex. Civ. Prac. & Rem. Code § 51.014 and the order at issue
is not subject to interlocutory appeal.  Id.; Tex. Cv. Prac & Rem.
Code Ann. §51.014(a)(4) (Vernon’s 2008).  See also Gentry v. Gentry, No.
11-02-00092-CV, 2002 WL 32344575, *1 (Tex. App. — Eastland, no writ). 
Accordingly, we find Miguel Angel Loya does not have an adequate remedy by
appeal.

 

 

ABUSE
OF DISCRETION

Relators first claim the trial court
abused its discretion in entering a temporary injunction because it failed to
conduct a proper hearing.  The record reflects that after Migual Angel Loya
testified he did not know how many shares he owns, the trial court granted the
injunction and refused to allow presentation of any further evidence.  In In
re Alsenz, 152 S.W.3d 617 (Tex. App. — Houston [1st Dist.] 2004, orig.
proceeding), the court of appeals noted Tex. Fam. Code § 6.502(a) specifically
requires notice and a hearing.  Id. at 621 (citing Post v. Garza,
867 S.W.2d 88 (Tex. App. — Corpus Christi 1993, orig. proceeding).  In Post,
867 S.W.2d at 88, the trial court entered temporary orders requiring payment of
attorney’s fees following a hearing.  At the hearing, however, the trial court
refused to allow relator to cross-examine the attorney or present any
evidence.  Id. at 89.  Citing former section 3.58(c) of the Family Code,
the court noted the statute required notice and a hearing.  Id. at 90. 
“This requirement of a hearing implies that the opposing spouse will be
afforded the normal right to participate in an adversarial hearing, rather than
merely the right to be present as a spectator at an ex parte hearing.”  Id. 
The court found the trial court’s refusal to allow relator to participate
through cross-examination and the presentation of his own evidence constituted
a clear abuse of discretion and conditionally granted the writ.  Id.

In Elliott v. Lewis, 792 S.W.2d 853 (Tex. App. — Dallas 1990, no
writ), the trial court granted a temporary injunction and entered an order for
specific performance.  The court of appeals found the trial court abused its
discretion by terminating the hearing without allowing Elliott to cross-examine
the first and only witness or present any evidence.  Id. at 855.  The
court cited Tex. R. Civ. P. 681 for the proposition that its requirement of
notice prior to issuance of a temporary injunction implied an adequate
opportunity to be heard.  Id.  “The opportunity to be heard and present
evidence must amount to more than the mere right to cross-examine the other
party’s witnesses.”  Id.  “[T]he trial court may impose reasonable
limitations upon the parties’ presentation of evidence in a temporary
injunction hearing; however, a party may not be deprived of the right to offer
any evidence.”  Id.  If the trial court’s limitation is arbitrary in its
nature, it will be considered an abuse of discretion on the part of the trial
judge.  Id.  

The trial court’s refusal to allow Miguel Angel Loya to present any
evidence deprived him of an adequate opportunity to be heard and thus
constituted an abuse of discretion.  Having already found Miguel Angel Loya has
no adequate remedy by appeal, he is entitled to relief.  It is therefore unnecessary
to address whether non-party Vitol, Inc., is properly before this court as a
relator.

We briefly address the scope of the injunction.  We are confident that
any order entered after Miguel Angel Loya is given an adequate opportunity to
be heard will be more narrowly tailored.

In particular, while Leticia Loya contends in her response that the
injunction allows Miguel Angel Loya to conduct day to day operations of Vitol,
Inc., the order entered would seem to prevent that, in violation of Tex. Fam. Code
§ 6.501(b)(2)(c) (Vernon 2006).  As to any proposed restructuring of Vitol,
Inc., a narrowly drafted order could allow Miguel Angel Loya, as CEO of Vitol,
Inc., to restructure the business as long as the current shares owned by
various entities and parties were exchanged for shares of equal or greater value
and did not damage the value of the marital estate.  “Preserving the property”
of the parties under the Family Code should not tie the hands of a third party
corporation making legitimate business decisions.

            We
therefore conditionally grant the petition for a writ of mandamus and direct
the trial court to vacate its January 15, 2010 order.  The writ will issue only
if the trial court fails to act in accordance with this opinion.                                                                          

                                                                                    

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges, Justices Anderson and Christopher.