Opinion issued October 20, 2011.

 

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01124-CV

———————————

Harold Dean
White, Appellant

V.

Melissa H.
White, Appellee



 



 

On Appeal from the 280th District Court

Harris County, Texas



Trial
Court Case No. 2010-63189

 



 

MEMORANDUM OPINION

Harold Dean
White appeals the trial court’s November 15, 2010 temporary protective order
prohibiting him from having contact with his former wife, his stepchildren, or
his sons until November 15, 2012.  With
certain exceptions made explicit by statute, the courts of appeals have
jurisdiction to review only final judgments. 
Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 352 (Tex. 2001); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).

The Texas Family Code specifically
precludes the interlocutory appeal of temporary orders in suits affecting the
parent-child relationship.  See Tex.
Fam. Code Ann. § 105.001(e) (West 2008); see also Tex. Fam. Code Ann.
§ 6.507 (West 2006) (specifically precluding interlocutory appeal of temporary
orders, except those appointing receiver); Mason
v. Mason, 256 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2008, no
pet.) (citing Marley v. Marley, No.
01-05-00992-CV, 2006 WL 3094325, at *2 (Tex. App.—Houston [1st Dist.] 2006,
pet. denied) (mem. op) (holding section 51.014(4) of Civil Practice and
Remedies Code permitting appeals from temporary injunctions did not control
over statutory prohibition of interlocutory appeals from temporary orders in
Family Code).  As a result, this Court
lacks jurisdiction over this appeal.[1]  




 

We therefore dismiss the appeal for
want of jurisdiction.  All pending
motions are denied as moot.

 

                                      PER
CURIAM

 

 

 

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.











[1]
          Harold challenges the temporary protective order as
void, contending that, because a North Carolina court made the initial custody
determination in a consent order arising out of the Whites’ divorce proceeding,
the Texas trial court lacked subject matter jurisdiction to issue the temporary
protective order.  Because we lack
jurisdiction, we cannot consider that collateral attack in the context of this
interlocutory appeal.