Opinion issued December 1, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00966-CV

———————————

Mayuko Saeki Martin, Appellant

V.

Timothy E.
Martin, Appellee



 



 

On Appeal from the 328th District Court

Fort Bend County, Texas



Trial Court Case No. 01-DCV-121342

 



 

MEMORANDUM OPINION

Appellant
Mayuko Saeki Martin (Mayuko) filed her initial brief on August 15, 2011 and her
amended brief on October 11, 2011.  Neither
brief complies with Texas Rule of Appellate Procedure 38.1.  Specifically, neither contains “a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record.”  Tex. R. App. P. 38.1(i).  The appendix does not comply either.  See  Tex.
R. App. P. 38.1(k)(1).  

The briefs fail to identify any
error; they simply request a different result.  See Tex. R. App. P. 38.1(f), (j).  It does not appear that Mayuko sought the
clarifications and modifications of the agreed orders that she requests in her
brief from the trial court in the first instance.  As a court of appeals, we may only review the
trial court’s judgments or other rulings as permitted under statute; we cannot
undertake the duties assigned to the trial court.  See
Tex. R. App. P. 43.2 (limiting
courts of appeals to affirming, modifying, reversing, or vacating trial court judgment,
or dismissing appeal); see also In re
B.L.D., 113 S.W.3d 340, 350 (Tex.2003) (“Requiring parties to raise
complaints at trial conserves judicial resources by giving trial judges the
opportunity to correct an error before an appeal proceeds.”) (citing In re C.O.S., 988 S.W.2d 760, 765 (Tex.1999)).  

Mayuko’s first brief addresses the
trial court’s agreed order in suit to modify the parent-child relationship
signed on October 13, 2010.  Her amended
brief addresses recent agreed temporary orders signed August 2, 2011, which are
contained in a recently filed supplement to the clerk’s record.  Those temporary orders address the same
subject matter and thus appear to supersede the earlier agreed order at issue
in this appeal.  The Texas Family Code
specifically precludes the interlocutory appeal of temporary orders in suits
affecting the parent-child relationship. 
See Tex. Fam. Code Ann. § 105.001(e) (West 2008); see also Tex. Fam. Code Ann. § 6.507 (West 2006) (specifically
precluding interlocutory appeal of temporary orders, except those appointing
receiver); Mason v. Mason, 256 SW3d
716, 718 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Marley v. Marley, No. 01-05-00992-CV,
2006 WL 3094325, at *2 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (mem.
op) (holding that section 51.014(4) of Civil Practice and Remedies Code
permitting appeals from temporary injunctions did not control over statutory
prohibition of interlocutory appeals from temporary orders in Family
Code).  Because Mayuko has not identified
any issue over which this Court can exercise jurisdiction, we dismiss
this appeal.

                                                PER
CURIAM

 

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.