

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

———————————————

No. 06-12-00036-CV

———————————————

IN RE:   TED EUGENE SLANKER, JR.

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Ted Eugene Slanker, Jr., has filed a motion for temporary relief, pending this Court's determination of his petition for writ of mandamus, filed concurrently with the motion. The motion for temporary relief[1] is denied. The petition for writ of mandamus is conditionally granted in part, and denied in part.

After Slanker and his wife, Christine, divorced in 2010, Slanker appealed to this Court. We reversed the judgment of the trial court as to the property division and remanded the cause for a new trial on that subject. The case is currently awaiting a new trial on the division of property.

After remand, the County Court at Law for Lamar County, Texas, entered an order requiring Slanker to

> identify any community property that he remains in sole control of. Respondent shall then liquidate $1,000.00 of this community property each month and pay $1,000.00 to Petitioner on or before the 10th day of March, 2012 and a like payment thereafter on the 10th day of each month for the months of April, 2012 and May, 2012. IT IS FURTHER ORDERED that, in lieu thereof, Respondent may give/transfer to Petitioner community property of like value to satisfy this obligation (e.g., shares of stock, etc. . . .). Respondent shall make this payment/transfer on or before the 10th day of the month beginning on March 10, 2012. . . .
>
>    IT IS FURTHER ORDERED that, if the above payments are made as ordered, the sum of $3,000.00 shall be credited to Respondent when the community property is divided at the final hearing in this matter.

---

[1]The motion for temporary relief seeks a suspension of payment of temporary spousal support and interim attorney's fees as ordered by the trial court on March 12, 2012.

In addition, the order directed Slanker to pay his former spouse's attorney's fees for the months of March through May, in equal installments of $2,500.00.

Slanker asks this Court to order the trial court to rescind its order because (1) temporary spousal support is not available as a matter of law, (2) there is no evidence to support the award of attorney's fees, and (3) the contempt sanction against him was unjustified.

Slanker relies on *Grossnickle v. Grossnickle*, 935 S.W.2d 830 (Tex. App.—Texarkana 1996, writ denied), in support of his assertion that the three payments of $1,000.00 each to Christine are post-divorce spousal support prohibited by our decision in that case. In *Grossnickle*, we recognized that while a trial court may properly award temporary spousal support pending an appeal of a divorce, there is no right to spousal support when there is no appeal of the divorce itself. That is, there is no right to spousal support during the appeal on other issues. *Id.* at 848. In this case, the parties acknowledge they are divorced, and the appeal and remand relate to property issues.

Because the trial court's order is not one for spousal support, *Grossnickle* is not applicable here. That portion of the order requiring the sale of community property in Slanker's sole possession, with proceeds to be distributed to Christine with a subsequent credit back to Slanker, is an interim division of property, not prohibited by *Grossnickle*. The trial court is imbued with the broadest form of discretion in dividing the marital estate, and we presume the trial court exercised its discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).

Mandamus is an extreme remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr.*, *Inc*., 275 S.W.3d 458 (Tex. 2008) (orig. proceeding). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against its detriments. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.3d 833, 839–40 (Tex. 1992) (orig. proceeding).

This matter was before the trial court for purposes of property division on remand. In this circumstance, the trial court was permitted to enter orders for interim property division and for the payment of interim attorney's fees. Such orders are in the nature of temporary orders. *See* TEX. FAM. CODE ANN. § 6.502 (West 2006). Temporary orders under Section 6.502 are not appealable. TEX. FAM. CODE ANN. § 6.507 (West 2006) ("An order under this subchapter, except an order appointing a receiver, is not subject to interlocutory appeal."); *In re Marriage of Townsend*, No. 06-00-00081-CV, 2000 WL 1055592 (Tex. App.—Texarkana Aug. 21, 2000, no pet.) (mem. op.). Mandamus is therefore an appropriate means to challenge temporary orders. *See, e.g.*, *In re Derzapf*, 219 S.W.3d 327, 333–34 (Tex. 2007) (orig. proceeding) (granting mandamus relief and directing trial court to vacate its temporary orders granting grandparents access to grandchild); *Little v. Daggett*, 858 S.W.2d 368, 369 (Tex. 1993) (orig. proceeding) (per

curiam) (holding mandamus an appropriate remedy because temporary order not subject to interlocutory appeal); *In re J.W.L.*, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding) (mandamus appropriate to challenge temporary orders because they are not subject to interlocutory appeal).

Because the issuance of the trial court's temporary orders are not subject to appeal, we must determine whether the trial court abused its discretion in entering those orders.

Here, the trial court acted well within its discretion in ordering the interim division of community property. Slanker has thus failed to show a clear and prejudicial error of law with respect to this provision of the order. He is therefore not entitled to a writ of mandamus directing the trial court to withdraw its order with regard to interim property division.

Next, Slanker asks this Court to strike the trial court's order of attorney's fees. Christine requested the trial court to award interim attorney's fees. At the hearing, no evidence was presented concerning attorney's fees, but Christine's attorney stated,

> And with respect to attorney's fees, Your Honor, I think that considering the amount of work that's obviously going to be entailed in this as we go forward, I would like $20,000 in interim attorney's fees. I will put it in my trust account and bill against it. . . . [I]f by any chance there's funds remaining when this is over, we will . . . return that to the community estate to be disposed of by -- under the Court's order at the final decree.

Slanker correctly contends there is no evidence in the record to support the award of $7,500.00 interim attorney's fees; there was no testimony to establish the reasonableness of the fees awarded. A party seeking attorney's fees has the burden of proof and must establish the

5

reasonableness of those fees. *See All Seasons Window & Door Mfg.*, *Inc. v. Red Dot Corp.*, 181 S.W.3d 490, 503 (Tex. App.—Texarkana 2005, no pet.).

In a somewhat analogous case, the trial court entered temporary orders requiring payment of attorney's fees following a hearing. *Post v. Garza*, 867 S.W.2d 88 (Tex. App.—Corpus Christi 1993, orig. proceeding). At the hearing, however, the trial court refused to allow relator to cross-examine the attorney or present any evidence. *Id*. at 89. The reviewing court found the trial court's refusal to allow relator to participate through cross-examination and the presentation of his own evidence constituted a clear abuse of discretion and conditionally granted the writ. *Id.* Likewise, here, we conclude the entry of an attorney's fee award with no support in the record from either Slanker or Christine in terms of the reasonableness of the fee award, constitutes a clear abuse of discretion. Typically, when there is no evidence or insufficient evidence to support an award of attorney's fees in a divorce action, the matter on appeal is reversed and remanded for a new trial. *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 208 (Tex. App.—El Paso 2003, no pet.). The attorney's fee award requires payment in three monthly installments of $2,500.00 each beginning in March 2012. Because the attorney's fee award is not subject to effective appeal, relief can be granted only by mandamus. In light of the issuance of an attorney's fee award in the absence of evidence to support the reasonableness of the fee, Slanker is entitled to a writ of mandamus ordering the trial court to strike its order granting attorney's fees.

Finally, Slanker asks this Court to lift the contempt sanction against him because it is unjustified. The record provided to this Court does not include a contempt sanction or any reference to such a sanction. Slanker's motion, while referencing "contempt sanction," appears to complain of the last sentence in the trial court's order in which "Petitioner's Motion to Compel is hereby granted but sanctions are denied." In any event, we deny the motion.[2] There is no showing of a clear abuse of discretion or the violation of a duty imposed by law together with the absence of a clear and adequate remedy at law.

We deny the motion for temporary relief.

We deny the petition for writ of mandamus with respect to the interim property division order.

We conditionally grant the petition for writ of mandamus with respect to the interim attorney's fee award. Mandamus will issue only in the circumstance the trial court fails to strike the attorney's fee order within ten days of this opinion.

We deny the petition for writ of mandamus with respect to the motion to compel.


Jack Carter

---

[2]A judgment providing that a contemnor is to be committed unless and until he or she performs the affirmative act required by the court's order is a civil contempt order. *In re Small*, 286 S.W.3d 525 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). A party must seek relief by way of writ of habeas corpus if confinement or restriction of liberty occurs. *See Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex. 1967); *In re Zapata*, 129 S.W.3d 775, 777 (Tex. App.—Fort Worth 2004, orig. proceeding).

Justice

Date Submitted:     April 4, 2012
Date Decided:       April 5, 2012