**Opinion issued October 4, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————

## NO. 01-11-00438-CV

———————

## ANGELA HUBERT, Appellant

## V.

## ALVIN WAYNE HUBERT, JR., Appellee

---

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0218084**

---

## MEMORANDUM OPINION

Appellant, Angela Hubert, attempts to appeal from the trial court's March 25, 2011 "Temporary Orders in Suit to Modify Parent-Child Relationship" and temporary injunction. Because we lack jurisdiction, we dismiss the appeal.

In 2003, appellant and appellee, Alvin Wayne Hubert, Jr., divorced. The trial court signed an agreed final decree, appointing appellant and appellee as joint managing conservators of their minor child. On March 25, 2011, on appellee's motion to modify the parent-child relationship, the trial court signed temporary orders "for the safety and welfare of the child." *See* TEX. FAM. CODE ANN. § 105.001(a) (West 2008) (authorizing temporary orders "for the safety and welfare of the child" in suits affecting parent-child relationship). On May 23, 2011, the trial court dismissed the case for want of prosecution, and appellant appealed.

Subsequently, however, the trial court reinstated the case.[1] Appellee filed an amended motion to modify the parent-child relationship, and, according to the district clerk's office, the case is currently set for trial on the merits. Hence, appellant is attempting an interlocutory appeal of a temporary order.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We have jurisdiction to hear an interlocutory appeal only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2012); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998).

---

[1] On June 17, 2011, the trial court reinstated the case. The case was again dismissed for want of prosecution on December 5, 2011. The next day, however, the trial court, on appellee's motion, set a hearing to take up the temporary orders.

Texas Family Code section 105.001 expressly precludes an interlocutory appeal from a temporary order in a suit affecting the parent-child relationship, as here.  *See* TEX. FAM. CODE ANN. § 105.001(e); *Mason v. Mason*, 256 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Marley v. Marley*, No. 01–05–00992–CV, 2006 WL 3094325, at *2 (Tex. App.—Houston [1st Dist.] Oct. 27, 2006, pet. denied) (mem. op) (holding that Civil Practice and Remedies Code section 51.014(4) authorizing appeal from temporary injunction does not control over Family Code preclusion of interlocutory appeals from temporary orders).

Because section 105.001(e) expressly precludes appellant's appeal from the trial court's temporary orders, we lack jurisdiction over the appeal.  *See* TEX. FAM. CODE ANN. § 105.001(e); *Stary*, 967 S.W.2d at 352–53.

The Court notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction. *See* TEX. R. APP. P. 42.3(a).  Appellant filed a response, but it does not show grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.