# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00135-CV

---

### Wesley Eugene Perkins, Appellant

### v.

### Kristy Lynn Perkins, Appellee

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-20-002604, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Wesley Eugene Perkins attempts to appeal from a temporary order rendered in the underlying divorce proceeding and suit affecting the parent-child relationship (SAPCR). Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders may be appealed only when expressly permitted by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Texas courts strictly construe statutes authorizing interlocutory appeals. *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

The Texas Family Code specifically precludes the interlocutory appeal of temporary orders, except those appointing a receiver.[1] *See* Tex. Fam. Code §§ 6.507 ("An order under this subchapter [applying to temporary orders rendered in divorce suits], except an order

---

[1] Mandamus, however, may be an appropriate remedy when a trial court abuses its discretion in issuing temporary orders in a SAPCR. *See, e.g.*, *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (per curiam) (orig. proceeding).

appointing a receiver, is not subject to interlocutory appeal."), 105.001(e) ("Temporary orders rendered under this section [applying to SAPCRs] are not subject to interlocutory appeal."); *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (per curiam) ("[T]the trial court's issuance of temporary orders [in a divorce proceeding] is not subject to interlocutory appeal."). Because it appeared to this Court that Perkins is attempting to appeal temporary orders, which the Family Code expressly prohibits, the Clerk of this Court notified the parties of this Court's intention to dismiss the appeal for want of jurisdiction unless Perkins filed a response demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). Perkins timely responded, framing the trial court's temporary order as a "temporary injunction" properly appealable under the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) ("A person may appeal from an interlocutory order of a district court . . . that . . . grants or refuses a temporary injunction . . . as provided by Chapter 65 . . . ."). Perkins appears to base his argument on the fact that some of the provisions in the temporary order constitute temporary injunctions enjoining both parties from engaging in specified conduct while in possession of their children.

However, Sections 6.502 and 105.001(a) of the Family Code expressly permit trial courts to issue temporary injunctions in divorce proceedings and SAPCRs. *See* Tex. Fam. Code §§ 6.502, 105.001(a). Perkins may not circumvent the legislature's express intention to prohibit the interlocutory appeal of temporary orders rendered in divorce proceedings and SAPCRs—including temporary injunctions rendered therein—by casting the temporary order as a temporary injunction subject to interlocutory appeal under Section 51.014 of the Civil Practice and Remedies Code. *See Marley v. Marley*, No. 01-05-00992-CV, 2006 WL 3094325, at *2 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (mem. op.) (holding that Civil Practice and Remedies Code Section 51.014(4) did not control over prohibition in Family Code

Section 6.507 of interlocutory appeals from temporary orders in divorce proceedings); *Cook v. Cook*, 886 S.W.2d 838, 839 (Tex. App.—Waco 1994, no writ) (rejecting argument that Section 51.014(4) allowed interlocutory appeal from temporary orders issued under former version of Section 6.507); *see also Mason v. Mason*, 256 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Texas courts of appeals have held that the specific Family Code provision limiting temporary order appeals controls over the general statute in the Civil Practice and Remedies Code permitting interlocutory appeals from temporary injunctions.").

Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Dismissed for Want of Jurisdiction

Filed:   July 7, 2021