

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00086-CV

In the Interest of **B.V.**, R.V., R.V., and R.V., Minor Children

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2018FLC000678-C3
Honorable Victor Villarreal, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Beth Watkins, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: July 7, 2021

DISMISSED FOR LACK OF JURISDICTION

Appellant, R.V., attempts to appeal from an interlocutory order in a suit to modify the parent-child relationship. Because we conclude an appeal from the interlocutory order is not authorized by statute, we dismiss this appeal for lack of jurisdiction.

"[T]he general rule . . . is that an appeal may only be taken from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, an appeal may be taken from an interlocutory order when expressly authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). "Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018).

Here, the clerk's record shows that on October 15, 2020, the appellee, A.M., filed a suit to modify a judgment in a suit affecting the parent-child relationship ("SAPCR"). In her modification suit, A.M. asked the trial court to remove R.V. as the person with the right to designate the children's primary residence and to appoint her in his place. A.M. also asked the trial court to modify R.V.'s possession and access to the children. On December 5, 2020, the trial court signed an order requiring both R.V. and A.M. to take a hair follicle test. On December 21, 2020, the trial court signed temporary orders. On January 21, 2021, R.V. filed a motion to enforce the temporary orders. On February 26, 2021, the trial court signed an order denying R.V.'s motion to enforce the temporary orders.[1] On March 10, 2021, R.V. filed a notice of appeal challenging the February 26, 2021 order.

Based on the clerk's record, it appeared that the February 26, 2021 order was neither a final, appealable judgment, nor an interlocutory order from which an appeal was authorized by statute. Therefore, we ordered R.V. to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. R.V. filed a response in which he acknowledges that no statute authorizes an interlocutory appeal from the part of the February 26, 2021 order that denied his motion to enforce the temporary orders. Nevertheless, R.V. argues that section 51.014(4) of the Texas Civil Practice and Remedies Code, which authorizes an appeal from an interlocutory order granting a temporary injunction, authorizes an interlocutory appeal from the part of the February

---

[1]In addition to denying R.V.'s motion to enforce the temporary orders, the February 26, 2021 order also provides:

> Given the failure to submit a court-ordered hair follicle test ordered in court on October 26, 2020 and signed on December 5, 2020, visitation and possession of the children by [R.V.] is restricted until [R.V.] files the results of a hair follicle test with the court **and** until further orders of the Court. [R.V.] shall file with the Court a hair follicle test before March 5, 2021 and shall file another hair follicle test with the court no later than April 12, 2021. All other provisions in the current Temporary Orders remain unchanged.

(Emphasis in original).

26, 2021 order "enjoin[ing]" his "visitation and possession of his [] children." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(4) (authorizing an appeal from an interlocutory order that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65"). We are not persuaded by R.V.'s argument.

The part of the February 26, 2021 order in question—the part "restrict[ing]" "visitation and possession of the children"—modifies the prior temporary orders in this case. *See* TEX. FAM. CODE ANN. § 105.001(a) (stating the trial court in a SAPCR "may make a temporary order, including the modification of a prior temporary order"); *see also* TEX. FAM. CODE ANN. § 156.006 (permitting the trial court to render temporary orders while a suit for modification is pending). The Texas Family Code expressly prohibits an interlocutory appeal from a temporary order in a SAPCR. *Id.* § 105.001(e). Furthermore, "Texas courts of appeals have held that the specific Family Code provision limiting temporary order appeals controls over the general statute in the Civil Practice and Remedies Code permitting interlocutory appeals from temporary injunctions." *Mason v. Mason*, 256 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see In re K.S.*, No. 02-20-00409-CV, 2021 WL 126596, at *1 (Tex. App.—Fort Worth Jan. 14, 2021, no pet.) (mem. op.) (dismissing for lack of jurisdiction an interlocutory appeal from an order modifying prior temporary orders in a SAPCR suit); *Pina v. Shaw*, No. 01-03-00088-CV, 2004 WL 306096, at *2 (Tex. App.—Houston [1st Dist.] Feb. 19, 2004, no pet.) (mem. op.) (dismissing for lack of jurisdiction an interlocutory appeal from temporary orders in a modification suit).

We conclude that an appeal from the interlocutory order before us is not authorized by statute. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM